[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 211.]

THE STATE OF OHIO, APPELLANT, *v.* HAYDEN, APPELLEE.

[Cite as *State v. Hayden*, 2002-Ohio-4169.]

*Criminal law—Sex offenders—Confrontation Clauses of Sixth Amendment to United States Constitution and Section 10, Article I of the Ohio Constitution do not apply to R.C. Chapter 2950—Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution do not require that trial court conduct a hearing to determine whether a defendant is a sexually oriented offender—Sexually oriented offender designation attaches as a matter of law, when.*

(No. 2000-1997—Submitted March 26, 2002—Decided August 28, 2002.)

APPEAL from the Court of Appeals for Montgomery County, No. 18103.

_____

SYLLABUS OF THE COURT

1. The Confrontation Clauses of the Sixth Amendment to the United States Constitution and of Section 10, Article I of the Ohio Constitution do not apply to R.C. Chapter 2950.

2. The Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶1} In 1984, defendant-appellee, Robert O. Hayden, pled guilty to attempted rape and was sentenced to prison for a term of 5 to 15 years. In 1999, based solely on his conviction, the trial court determined that Hayden was a "sexually oriented offender" and notified him of his duty to register under R.C. 2950.03(A)(1). Appellee appealed from this order, arguing that his constitutional rights of confrontation and due process had been violated because he had not been afforded a hearing. In a split decision, the court of appeals reversed, holding that appellee's constitutional right to due process, including the right to confront his accusers, had been violated by the trial court's failure to conduct a hearing. The cause is now before this court upon the allowance of a discretionary appeal.

{¶2} This case involves yet another challenge to R.C. Chapter 2950, which contains Ohio's sex offender classification, registration, and notification laws.

{¶3} Initially, the state takes issue with the appellate court's application of the Confrontation Clause of the Sixth Amendment to the United States Constitution to R.C. Chapter 2950. That Revised Code chapter imposes registration requirements on those convicted of sexually oriented offenses. In particular, the state argues that the trial court's failure to provide a hearing did not violate this clause. However, at oral argument, appellee conceded that prior decisions from this court, notably *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, and *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, preclude this argument. We agree.

{¶4} *Cook* holds that the scheme provided for in R.C. Chapter 2950 is civil, not punitive, in nature. Id., 83 Ohio St.3d at 422, 700 N.E.2d 570. *Williams* reaffirms that principle. Id., 88 Ohio St.3d at 528, 728 N.E.2d 342. Thus, the federal Confrontation Clause, which provides that "[i]n all *criminal* prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against

him" (emphasis added), clearly has no application. See, also, Section 10, Article I of the Ohio Constitution, which contains a similar guarantee.

{¶5} Therefore, we hold that the Confrontation Clauses of the Sixth Amendment to the United States Constitution and of Section 10, Article I of the Ohio Constitution do not apply to R.C. Chapter 2950.

{¶6} However, the issue remains as to whether appellee's due process rights were violated. The right to procedural due process is found in the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. To trigger protections under these clauses, a sexual offender must show that he was deprived of a protected liberty or property interest as a result of the registration requirement. See *Steele v. Hamilton Cty. Community Mental Health Bd.* (2000), 90 Ohio St.3d 176, 181, 736 N.E.2d 10. Although due process is " 'flexible and calls for such procedural protections as the particular situation demands,' " *Mathews v. Eldridge* (1976), 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484, the basic requirements under this clause are notice and an opportunity to be heard. *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457. In particular, appellee finds fault with the trial court's failure to afford him a hearing on whether he is a "sexually oriented offender" who must comply with the registration requirements of R.C. Chapter 2950.

{¶7} At the outset we note that a statute is presumed constitutional and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

{¶8} Although Ohio has had sex offender registration statutes since 1963, see, e.g., former R.C. Chapter 2950, 130 Ohio Laws 669, the law became more complex in 1996 due in large part to New Jersey's 1994 passage of "Megan's Law,"

N.J.Stat.Ann. 2C:7-1 et seq., and the 1994 enactment of the federal Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Section 14071, Title 42, U.S.Code.[1]  Against this backdrop, R.C. Chapter 2950 was repealed and reenacted to provide protections to the public against sex offenders.  146 Ohio Laws, Part II, 2560.  Specifically, the law divides sex offenders into three categories and imposes registration and sometimes notification requirements upon each class once the offender is released from incarceration.  See, e.g., R.C. 2950.01.

{¶9} R.C. 2950.01(B) defines a "habitual sex offender" as a person who "is convicted of or pleads guilty to a sexually oriented offense" and who "previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." R.C. 2950.01(B)(1) and (2).  In the case of an adult, R.C. 2950.01(E) defines a "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."  Finally, the least restrictive designation, that of a "sexually oriented offender," is not specifically defined in R.C. Chapter 2950. However, we have explained that a "sexually oriented offender" is a person "who has committed a 'sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator."  *Cook,* supra, 83 Ohio St.3d at 407, 700 N.E.2d 570; *Williams*, supra, 88 Ohio St.3d at 519, 728 N.E.2d 342.  This is the classification in which the trial court placed appellee.  The question is whether due process requires a hearing before a court may impose that label on a defendant.

{¶10} Recognizing that sexual predators and habitual sex offenders have a high risk of recidivism, R.C. 2950.02(A)(2), the law allows in certain cases for the

---

1. For a history and overview of sex offender registration and community notification legislation, see *Cook*, supra*,* 83 Ohio St.3d 404, 405-410, 700 N.E.2d 570, and *Williams,* supra*,* 88 Ohio St.3d 513, 515-520, 728 N.E.2d 342.

public dissemination of information regarding the whereabouts of these offenders. See R.C. 2950.11. However, before the community notification requirement is imposed, the law requires that a hearing be held either before sentencing or before an incarcerated sex offender is released to determine whether that person should be labeled a sexual predator or habitual sex offender who is likely to offend again. R.C. 2950.09(B)(1) and (C). A hearing is necessary because a factual determination must be made as to the offender's likelihood to reoffend.

{¶11} At the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine lay and expert witnesses, and the offender has the right to an attorney. R.C. 2950.09(B)(2); *State v. Eppinger* (2001), 91 Ohio St.3d 158, 161, 743 N.E.2d 881.

{¶12} But Ohio's statutory scheme requires a hearing to determine sexual-offender status only for certain sex offenders. See R.C. 2950.11(B), which provides that for those convicted of a sexually oriented offense, the trial court "shall" hold a hearing to determine whether the offender is a sexual predator only if certain criteria apply. Appellee does not meet these criteria because he was sentenced before January 1, 1997, and his offense was not violent. R.C. 2950.11(B)(1) and (2). Therefore, he is not statutorily entitled to a classification hearing.

{¶13} The question now becomes, is appellee constitutionally entitled to such a hearing? Again, the answer is no. Neither the Due Process Clause of the Fourteenth Amendment to the United States Constitution nor the analogous clause in Ohio's Constitution, Section 16, Article I, requires a hearing in this case.

{¶14} Appellee has not shown that he was deprived of a protected liberty or property interest as a result of the registration requirement imposed without a hearing. A constitutionally protected liberty interest has been defined as freedom from bodily restraint and punishment. *Ingraham v. Wright* (1977), 430 U.S. 651, 673-674, 97 S.Ct. 1401, 51 L.Ed.2d 711, citing *Rochin v. California* (1952), 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183. Appellee has certainly not suffered any

bodily restraint as a result of the registration requirement imposed on him as a sex offender. Nor has he been punished. In *State v. Eppinger* (2001), 91 Ohio St.3d 158, 165, 743 N.E.2d 881, we stated that "R.C. Chapter 2950 is not meant to punish a defendant, but instead, 'to protect the safety and general welfare of the people of this state.' " Id., quoting R.C. 2950.02(B). See, also, *State v. Williams* (2000), 88 Ohio St.3d 513, 527, 728 N.E.2d 342. (The registration provisions of R.C. Chapter 2950 are neither criminal nor punitive in nature.)

{¶15} In fact, affording appellee a hearing under these facts would be nothing more than an empty exercise. The point of such a hearing would be to determine whether appellee committed a sexually oriented offense. What evidence could appellee possibly present that would justify a finding that he is not? The fact of his conviction of attempted rape is established. When he was convicted of that crime, which is a sexually oriented offense under R.C. 2950.01(D)(1)(g), appellee was automatically classified as a sexually oriented offender and therefore must register with the sheriff of the county in which he resides as prescribed by R.C. 2950.04(A)(2). In *State v. Cook* (1998), 83 Ohio St.3d 404, 412, 700 N.E.2d 570, we held that "the registration and address verification provisions of R.C. Chapter 2950 are *de minimis* procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950."

{¶16} The court of appeals' majority determined that the lack of a hearing denied appellee his constitutional right to due process, including the right to confront his accusers. In rejecting the majority's holding, Judge Frederick N. Young determined that the majority decision effectively deleted the "due" from "due process." The dissent noted that appellee's conviction for a sexually oriented offense automatically conferred on him the status of a sexually oriented offender. Thus, the dissent explained, "[w]hat follows—the registration requirement—is mandated by law. The trial court cannot 'determine' anything. It merely engages

in the ministerial act of rubber-stamping the registration requirement on the offender." We agree with the dissent.

{¶17} Yet, appellee argues that defendants should have the opportunity for a hearing to avoid the possibility of mistakes, for instance such as the misidentification of the offender or offense. However, we note that appellee has not alleged that any particular mistake has occurred here. Thus, we find this argument to be pure conjecture. Even if such an error did arise, legal remedies such as mandamus are available to correct such an error.

{¶18} Accordingly, we hold that the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law. We reverse the judgment of the court of appeals and reinstate the trial court's determination that appellee is a sexually oriented offender.

Judgment reversed.

MOYER, C.J., RESNICK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and COOK, JJ., concur in syllabus and judgment.

PFEIFER, J., dissents.

_____

**COOK, J., concurring in syllabus and judgment.**

{¶19} Although I agree with today's decision to reverse the court of appeals' judgment, I write separately to explain more fully why Hayden's classification as a sexually oriented offender did not violate his procedural due process rights.

**{¶20}** In disposing of Hayden's due process argument, the majority correctly finds that Hayden has not shown any deprivation of a constitutionally protected liberty or property interest. See *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property"). In reaching this conclusion, the majority limits its analysis to whether the state has deprived Hayden of a "freedom from bodily restraint and punishment." It is not enough, however, to say that Hayden's procedural due process claim fails simply because he has not been restrained or punished by the sexually oriented offender classification. In this case, for example, Hayden argues that he has a constitutionally protected interest in his reputation that the state cannot impair without a hearing. For purposes of a procedural due process inquiry, a person has a constitutionally protected interest against "governmental defamation" that (1) is sufficiently derogatory to injure the person's reputation and (2) imposes "some tangible and material state-imposed burden or alteration of his or her status or of a right in addition to the stigmatizing statement." *Doe v. Dept. of Pub. Safety* (C.A.2, 2001), 271 F.3d 38, 47, citing *Paul v. Davis* (1976), 424 U.S. 693, 701-702, 710-711, 96 S.Ct. 1155, 47 L.Ed.2d 405; see, also, *Cutshall v. Sundquist* (C.A.6, 1999), 193 F.3d 466, 479.

**{¶21}** Even when recognizing the so-called "stigma plus" test, see *Doe*, 271 F.3d at 47, 50, as implicating a constitutionally protected liberty interest, Hayden's procedural due process claim fails. Unlike persons adjudicated to be sexual predators or habitual sexual offenders, a sexually oriented offender such as Hayden is not subject to community notification provisions. See R.C. 2950.10, 2950.11. Thus, the only burden imposed on a sexually oriented offender is the duty to register with the offender's county sheriff and verify periodically the offender's address. R.C. 2950.04 to 2950.07; see, also, *State v. Cook* (1998), 83 Ohio St.3d 404, 408, 700 N.E.2d 570. It is true that at least one federal appellate court has held that

registration requirements imposed on sexual offenders qualify as a "plus" factor for purposes of the "stigma plus" test in procedural due process cases. See *Doe*, 271 F.3d at 57. This court has already determined, however, that the registration and address verification requirements in R.C. Chapter 2950 impose only de minimis burdens on offenders subject to them. *Cook*, 83 Ohio St.3d at 412, 700 N.E.2d 570. An interest must be more than de minimis to trigger the protections of the Due Process Clause. See *Goss v. Lopez* (1975), 419 U.S. 565, 576, 95 S.Ct. 729, 42 L.Ed.2d 725; *Fuentes v. Shevin* (1972), 407 U.S. 67, 90, 92 S.Ct. 1983, 32 L.Ed.2d 556, fn. 21.

{¶22} Moreover, even if there were a constitutionally protected interest at stake in his case, it remains doubtful that Hayden could prevail on his procedural due process claim. As the majority correctly observes, Hayden is a sexually oriented offender subject to statutory registration requirements simply by having pleaded guilty to attempted rape. See R.C. 2950.01(D)(1)(g) and 2950.04(A)(1). Thus, Hayden would be subject to the registration provisions (provided he received the notice required by R.C. 2950.03) *regardless* of the trial court's entry labeling him a "sexually oriented offender." In other words, the trial court imposed no new status on Hayden that did not already exist. Hayden has therefore received all the process to which he was due—namely, the underlying criminal proceedings resulting in his conviction. Cf. *State v. Ward* (1994), 123 Wash.2d 488, 869 P.2d 1062 (holding that Washington's sexual-offender registration requirement was a "collateral consequence" of guilty plea; thus, a trial court's failure to inform defendant of the requirement at the plea hearing did not violate due process).

{¶23} With the foregoing observations, I concur in the syllabus and judgment.

DOUGLAS, J., concurs in the foregoing opinion.

_____

**PFEIFER, J., dissenting.**

**{¶24}** I respectfully dissent.  I would affirm the judgment of the court of appeals.

——————————

Mathias H. Heck, Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellant.

J. Dean Carro, for appellee.

——————————