This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Kevin Davis has appealed from a judgment of conviction and sentence from the Summit County Court of Common Pleas for failure to provide notice of his change of address and failure to verify his current address. This Court affirms.
 I {¶ 2} In June 1996, Appellant was convicted of corruption of a minor in violation of R.C. 2907.04, and sentenced to eighteen months in prison. Prior to Appellant's release from prison, he signed a form stating that he was required to report to his local sheriff's department as a sexually oriented offender. Appellant thereafter failed to comply with his reporting obligations. In November 2001, he was indicted on one count of failure to provide notice of his change of address, in violation of R.C. 2950.05, and three counts of failure to verify his current address, in violation of R.C. 2950.06.
 {¶ 3} Appellant filed a motion to dismiss the indictment, arguing that the imposition of compulsory reporting requirements without an adjudicatory hearing violated his constitutional rights to confront his accusers and to due process of law. The state responded to the motion, and the matter proceeded to a hearing before the trial court. The court ultimately denied Appellant's motion, and Appellant thereafter entered a plea of no contest to all four counts of the indictment. The court found Appellant guilty, and sentenced him to concurrent terms of one year of incarceration on each count. The court then suspended Appellant's prison sentence, on the condition that he comply with the terms of his probation. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error {¶ 4} "THE APPELLANT'S CONVICTIONS OF NOTICE OF CHANGE OF ADDRESS AND FAILURE TO VERIFY CURRENT ADDRESS WERE IMPROPER BECAUSE HE WAS NEVER ADJUDICATED AS A SEXUALLY ORIENTED OFFENDER AND WAS DENIED HIS RIGHT TO CONFRONTATION PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH APPLIES TO R.C. 2950.04 AND IMPOSES REGISTRATION REQUIREMENTS ON THOSE CONVICTED OF SEXUALLY ORIENTED OFFENSES."
 {¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to dismiss the indictment because the charges contained therein violated his right to confront his accusers under the Sixth Amendment to the United States Constitution and his right to due process of law. Specifically, Appellant has contended that the reporting requirements set forth at R.C. 2950.05 and R.C. 2950.06
were unconstitutionally imposed upon him in the absence of a hearing at which he could confront witnesses against him and present testimony on his own behalf.
 {¶ 6} This Court conducts a de novo review of Appellant's attack on the constitutionality of the statutory scheme at R.C. Chapter 2950. See Liposchak v. Ohio Bureau of Workers' Comp. (2000), 138 Ohio App.3d 368,385, citing Ohio Historical Soc. v. State Emp. Relations Bd. (1993),66 Ohio St.3d 466, 471.
 {¶ 7} R.C. 2950.04 establishes the duty of certain offenders to register with the sheriff of the county inhabited by such offenders upon their release from a term of incarceration. R.C. 2950.05 requires offenders subject to the registration requirements of R.C. 2950.04 to provide written notice of changes in their residence addresses to the sheriffs of the counties in which their former and current addresses are located. R.C. 2950.06 requires offenders who are subject to the duty to register to periodically verify their current addresses with the sheriff with whom the offenders most recently registered.
 {¶ 8} Appellant became subject to these registration, notice, and verification requirements pursuant to R.C. 2950.04(A)(1), which provides:
 {¶ 9} "(A) Each offender who * * * has been convicted of or pleaded guilty to a sexually oriented offense and who is described in [R.C. 2950.04(A)(1), (2), or (3)] shall register with the sheriff of the following applicable described county and at the following time:
 {¶ 10} "(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term * * * and if, on or after July 1, 1997, the offender is released in any manner from the prison term, * * * within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county."
 {¶ 11} Appellant pleaded guilty to corruption of a minor, in violation of R.C. 2907.04, and was sentenced therefor to a prison term of eighteen months. Because that offense involved a minor, the offense is statutorily defined as a sexually oriented offense pursuant to R.C.2950.01(D)(2)(a).
 {¶ 12} The state has contended that Appellant's conviction for an offense that is statutorily defined as a sexually oriented offense resulted, by operation of law, in Appellant's designation as a sexually oriented offender.[1] According to the state, therefore, there was nothing for the trial court to "adjudicate" at a hearing, and Appellant's designation in the absence of such a hearing does not deprive him of his constitutional rights.
 {¶ 13} In State v. Smith (June 23, 1999), 9th Dist. No. 98CA007070, we rejected the appellant's argument that the trial court improperly designated her a sexually oriented offender without a proper hearing. In Smith, we concluded that the "sexually oriented offender" label, with its attendant reporting and notification requirements, became operative "as a matter of law and not as a result of the trial court's action." Smith, at 4. Consequently, we held that the reporting and notification requirements incumbent upon sexually oriented offenders arise by statutory imposition, and do not require adjudication at a hearing before the court. Id. We reiterated this position in State v.Lute (Nov. 22, 2000), 9th Dist. No. 99CA007431, at 29, appeal not allowed (2001), 91 Ohio St.3d 1480, and again in State v. Burkey (June 7, 2000), 9th Dist. No. 19741, at 6-7.
 {¶ 14} Most recently, the Ohio Supreme Court affirmed that the imposition of reporting requirements upon sexually oriented offenders without a sexual offender classification hearing does not violate a defendant's constitutional rights to due process or to confront one's accusers. State v. Hayden (2002), 96 Ohio St.3d 211, 2002-Ohio-4169, paragraphs one and two of the syllabus. In Hayden, the court held that the Confrontation Clauses of the United States and Ohio Constitutions were not applicable to proceedings under R.C. Chapter 2950 because such proceedings are civil rather than criminal, or punitive, in nature. Id. at ¶ 4-5. The Court likewise held that the appellant's due process rights were not violated because he failed to show that imposition of the registration requirements without a hearing deprived him of a protected liberty or property interest. Id. at ¶ 13-14. In so holding, the court stated:
 {¶ 15} "[The Due Process Clauses of the United States and Ohio Constitutions] do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." Id. at ¶ 18.
 {¶ 16} Consequently, the trial court did not err in denying Appellant's motion to dismiss the charges in the indictment. Appellant's assignment of error is without merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
BAIRD, P.J., CARR, J. CONCUR.
[1] Although the "sexually oriented offender" classification is not defined in R.C. Chapter 2950, the Ohio Supreme Court has explained that "a sexually oriented offender is one who has committed a `sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator." State v. Cook (1998), 83 Ohio St.3d 404, 407.