OPINION
{¶ 1} Defendant-appellant Andre Reine appeals from an order of the trial court classifying him as a sexually oriented offender, as defined in R.C. 2950.01, and requiring him, pursuant to R.C. 2950.04, to register with the sheriff of the county of his residence and to report regularly thereafter. Reine contends that the order violates the Due Process clauses of the United States and Ohio constitutions.
 {¶ 2} Reine pled guilty to four counts of Kidnapping. The victim in each count was a minor. The parties have stipulated that the offenses were committed without any sexual motivation or purpose. Nevertheless, pursuant to the plain wording of R.C. 2950.01(D)(1)(b)(i), the Kidnapping offenses are defined as sexually oriented offenses, because they each involved a minor victim, and the trial court was required, pursuant to R.C. 2950.09, to classify Reine as a sexually oriented offender.
 {¶ 3} Because we agree with Reine that the requirement that he be classified as a sexually oriented offender, and that he comply with the registration and reporting requirements pertaining to sexually oriented offenders, bears no rational relationship to the purpose of the statute, and is arbitrary and unreasonable, we agree with him that the requirement violates the Due Process clauses of the Ohio Constitution and of theFourteenth Amendment to the United States Constitution. Accordingly, the order classifying Reine as a sexually oriented offender, and requiring him to comply with the registration and reporting requirements of the statute, is Reversed and Vacated.
 I {¶ 4} In 2001, Reine was indicted upon one count of Aggravated Burglary involving physical harm, one count of Aggravated Robbery involving a deadly weapon, and four counts of Kidnapping, all with attached three-year firearm specifications. In early 2002, Reine pled guilty to all counts, in exchange for which the State dismissed all the firearm specifications. At a sentencing hearing, the trial court imposed an appropriate sentence. Also at the sentencing hearing, the trial court designated Reine a sexually oriented offender, subject to the registration and reporting requirements provided for sexually oriented offenders in R.C. 2950.04. This designation is required by R.C.2950.01(D)(1)(b)(i), the four Kidnapping victims having been minors. The parties had stipulated that the offenses were committed without any sexual motivation or purpose. State's Brief, at 2.
 {¶ 5} Reine appeals from the order classifying him as a sexually oriented offender.
 II {¶ 6} Reine's sole Assignment of Error is as follows:
 {¶ 7} "The designation of a defendant as a `sexually oriented offender' is void and unconstitutional as applied where defendant was convicted of violating O.R.C. § 2950.01(A)(2) and where there was no sexual motivation and no sexual offense committed."
 {¶ 8} Reine argues that the strict scrutiny test for a Due Process violation must be used, because a fundamental right is involved. He cites Art. I, § 16 of the Ohio Constitution for the proposition that he has a fundamental right to his reputation. Art. I, § 16 provides, in pertinent part, as follows:
 {¶ 9} "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."
 {¶ 10} We find it unnecessary to determine whether the strict scrutiny test applies in this case, because we conclude that the application of the sexual offender classification provision in this case does not satisfy the looser, rational basis test.
 {¶ 11} In a case in which the Ohio Supreme Court found that strict scrutiny did not apply, because no fundamental right was involved, the court held that an enactment comports with the Ohio Due Process clause "if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." Fabrey v. McDonald Police Dept. (1994),70 Ohio St.3d 351, at 354. The court went on to opine that "Federal due process is satisfied if there is a rational relationship between a statute and its purpose." Id., citing Martinez v. California (1980), 444 U.S. 277,283, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488.
 {¶ 12} Pursuant to R.C. 2950.01, et seq., Ohio's version of "Megan's Law," persons who commit certain offenses are subject to classification as a sexual predator, an habitual sex offender, or a sexually oriented offender. Certain offenses are defined in R.C. 2950.01(D) as "sexually oriented offenses." For these offenses, classification of the offender as a sexually oriented offender is automatic, if the offender is not classified in the more serious classifications. The offenses defined to be "sexually oriented offenses" by the statute include certain offenses committed by a person eighteen years of age or older, if the victim is under the age of eighteen years. One of these offenses is Kidnapping, in violation of R.C. 2905.01. R.C.2950.01(B)(1)(b)(i). Thus, because Reine's Kidnapping victims were under the age of eighteen, he is automatically deemed to be a sexually oriented offender, pursuant to the statute, regardless of the circumstances of the offense, or his purpose or purposes in committing the offense.
 {¶ 13} The trial court noted the incongruity of determining Reine to be a sexually oriented offender, in view of the stipulation that his offenses were committed without any sexual motivation, but concluded, properly, that the statute nevertheless required that Reine be classified as a sexually oriented offender. As a sexually oriented offender, Reine is required to register with the sheriff of the county of his residence, and periodically to report concerning his residence. R.C. 2950.04, 2950.06.
 {¶ 14} We do not need to guess concerning the Ohio General Assembly's purposes in enacting the sexual offender classification statute. As these pertain to sexually oriented offenders, they are set forth in R.C. 2950.02, as follows:
 {¶ 15} "(A) The general assembly hereby determines and declares that it recognizes and finds all of the following:
 {¶ 16} "(1) If the public is provided adequate notice and information about sexual predators, habitual sex offenders, and certain other offenders and delinquent children who commit sexually oriented offenses, members of the public and communities can develop constructive plans to prepare themselves and their children for the sexual predator's, habitual sex offender's, or other offender's or delinquent child's release from imprisonment, a prison term, or other confinement or detention. This allows members of the public and communities to meet with members of law enforcement agencies to prepare and obtain information about the rights and responsibilities of the public and the communities and to provide education and counseling to their children.
 {¶ 17} "* * *
 {¶ 18} "(B) The general assembly hereby declares that, in providing in this chapter for registration regarding sexual predators, habitual sex offenders, and offenders and certain delinquent children who have committed sexually oriented offenses and for community notification regarding sexual predators and habitual sex offenders who are about to be or have been released from imprisonment, a prison term, or other confinement or detention and who will live in or near a particular neighborhood or who otherwise will live in or near a particular neighborhood, it is the general assembly's intent to protect the safety and general welfare of the people of this state. The general assembly further declares that it is the policy of this state to require the exchange in accordance with this chapter of relevant information about sexual predators and habitual sex offenders among public agencies and officials and to authorize the release in accordance with this chapter of necessary and relevant information about sexual predators and habitual sex offenders to members of the general public as a means of assuring public protection and that the exchange or release of that information is not punitive."
 {¶ 19} In short, the classification, registration and reporting requirements are designed to make it possible for members of the public to alert themselves to the proximity and whereabouts of certain offenders who may pose a particular risk to themselves and their children. The question is whether the requirement that an offender who has committed an offense under circumstances involving no sexual motivation or purpose nevertheless be classified as a "sexually oriented offender", to register and to be reported to the public as a "sexually oriented offender," bears any rational relationship to the purposes of the statute, or whether that requirement is unreasonable or arbitrary as applied to an offender who has committed an offense without any sexual motivation or purpose.
 {¶ 20} In our view, there is no rational relationship between the requirement that a person in Reine's position be denominated a "sexually oriented offender" and the purposes of the statute. If anything, the public is likely to be misled into believing that Reine is a sex offender, rather than a common criminal, who, in the course of committing a burglary, happened upon four minors, and deprived them of their liberty for the purpose of completing his criminal object, but without any sexual motivation or purpose. The statute is intended to alert the public to the presence of sex offenders in their midst. To the extent that the provisions of the statute sweep within their provisions other offenders, who are clearly not sex offenders, and indiscriminately require that these other offenders also be presented to the public as "sexually oriented offenders," the purposes of the statute are not served, and are arguably dis-served.
 {¶ 21} In reaching this conclusion, we have little doubt that the legislature could, if it wished, impose registration and reporting requirements for all convicted felons; or, the General Assembly could provide for registration and reporting requirements for felons who have committed offenses against children, upon the theory that children require additional measures to protect them; but it would be unreasonable and arbitrary to denominate these felons as "sexually oriented offenders" when their offenses involve no sexual motivation or purpose. The General Assembly might logically designate convicted felons whose offenses have been committed against minor victims as "child predators," and impose registration and reporting requirements upon them. This would be neither unreasonable nor arbitrary. Alternatively, the General Assembly, in its desire to provide additional protection for child victims of crime, might impose harsher sentences for offenses committed against children.
 {¶ 22} Our problem with the application of the automatic, per se designation of certain offenses, which do not involve any inherent sexual motivation or purpose, as "sexually oriented offenses," in the absence of any sexual motivation or purpose, is that the labeling of these offenses as "sexually oriented offenses" is unreasonable and arbitrary.
 {¶ 23} Imagine that the General Assembly, desiring to enable the public to protect itself from the risks represented by convicted felons living within their midst, were to enact a statute designating all persons convicted of felonies as "murderers," with registration and reporting requirements, so that neighbors would wind up being advised that John Jones, a "murderer," is now living on their block. John Jones is, in fact, a person who has been convicted of an esoteric election-law felony. It is the misnaming, or mis-characterization, of the offense, that is unreasonable and arbitrary.
 {¶ 24} In the case before us, the phrase "sexually oriented offense" is one that the average person can be expected to understand as referring to an offense that is committed with a sexual motivation or purpose. The labeling of certain offenses having no sexual motivation or purpose as "sexually oriented offenses" confounds this ordinary understanding of the words used, and is therefore unreasonable and arbitrary.
 {¶ 25} We note hat the Court of Appeals for the Eleventh Appellate District has come to the same conclusion. State v. Washington (November 14, 2001), Lake App. No. 99-L-015. The State cites State v. Hayden,96 Ohio St.3d 211, 2002-Ohio-4169, for the proposition that the Due Process clauses of the United States and Ohio constitutions do not require a trial court to conduct a hearing to determine whether an offender is a sexually oriented offender. The State seems to be arguing that State v. Hayden, supra, stands for the proposition that the automatic sexually oriented offender classification does not violate the Due Process clauses of the United States and Ohio constitutions.
 {¶ 26} In our view, State v. Hayden, supra, dealt with the issue of whether the failure to hold a hearing before determining that an offender is a sexually oriented offender violated procedural due process. The court held that procedural due process was not violated, despite the fact that no hearing was required, because there were no facts to be adjudicated beyond the fact that a particular offense had been committed. In that case, significantly, the offense committed was Attempted Rape, which necessarily involves a sexual motivation and purpose. We find nothing in State. v. Hayden, supra, to indicate that there was a substantive due process issue in that case. We find nothing to indicate that the defendant in that case had argued that the application of the sexually oriented offender classification to him violated the United States or Ohio constitutional Due Process clauses because the automatic classification bore no rational relationship to the purposes of the statute, or was arbitrary and unreasonable.
 {¶ 27} The significance of State v. Hayden, supra, is that unless an offender is making an argument that the automatic sexually oriented offender classification is unconstitutional as applied to him, no hearing is required, because there are no facts to adjudicate. In the case before us, there are no factual disputes requiring adjudication, because the parties have stipulated that Reine's offenses were committed without any sexual motivation or purpose. In another case, however, there might be a genuine issue of fact whether one of the offenses listed in the statute has been committed with a sexual motivation or purpose. In that case, an evidentiary hearing might be required. Constitutional issues of law sometimes involve disputed facts, which will require an evidentiary hearing for their adjudication.
 {¶ 28} Because we conclude that the application of the statutory requirement that Reine be classified as a sexually oriented offender, in a case in which it has been stipulated that his offenses were committed without any sexual motivation or purpose, is unreasonable and arbitrary, and bears no rational relationship to the purposes of the statute, we conclude that it offends the Due Process clauses of both the Ohio and United States constitutions.
 {¶ 29} Reine's sole Assignment of Error is sustained.
 III {¶ 30} Reine's sole Assignment of Error having been sustained, the order of the trial court designating Reine to be a sexually oriented offender, and imposing upon him the registration and reporting requirements appropriate to that designation, is Reversed and Vacated.
BROGAN, J., concurs.