OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Richard Allen Lenigar, appeals the decision of the Mahoning County Court of Common Pleas that designated him as a sexually oriented offender. Lenigar argues the trial court erred because it did not conduct a hearing before making that designation. But the record does not reflect that the trial court failed to hold that hearing. Furthermore, the Ohio Supreme Court has held that an offender is not constitutionally entitled to a hearing before being designated a sexually oriented offender. An offender only has that right if he is designated as a sexual predator or a habitual sex offender. Thus, Lenigar's arguments are meritless. The trial court's decision is affirmed.
 Facts {¶ 2} In 1977, Lenigar was found guilty of kidnapping and aggravated murder. The trial court sentenced Lenigar for seven to twenty-five years imprisonment on the kidnapping charge and life imprisonment for the aggravated murder charge. This court affirmed those convictions on appeal.
 {¶ 3} In February 2001, the trial court set a hearing to determine whether Lenigar should be designated a sexual predator. The trial court was forced to continue the matter many times. On October 31, 2003, it continued the matter a final time, setting the hearing for November 20, 2003. On November 21, 2003, the trial court entered judgment and designated Lenigar a sexually oriented offender.
 {¶ 4} When filing his notice of appeal, Lenigar did not request that a transcript be prepared. While this appeal was pending, this court ordered that such a transcript be prepared, but was notified that there was no available transcript of the hearing.
 Sexually Oriented Offender {¶ 5} In his sole assignment of error, Lenigar argues:
 {¶ 6} "The trial court's failure to hold a hearing to determine that Defendant/Appellant must register as a sexually oriented offender after his release from prison violated Appellant's right to due process pursuant to the Fourteenth Amendment and Section 16, Article I of the Ohio Constitution."
 {¶ 7} Lenigar's argument is meritless for two reasons. First, there is no indication in the record that the trial court failed to hold the scheduled hearing on November 20, 2003. Second, the Ohio Supreme Court has held that it is not a constitutional violation to designate an offender as a sexually oriented offender without a hearing.
 {¶ 8} The trial court's October 31st judgment entry sets the matter for a hearing on November 20th. The trial court's November 21st judgment entry does not state that it failed to hold the scheduled hearing. Given the lack of evidence to the contrary, we must presume the validity of the trial court's proceedings, and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
 {¶ 9} Regardless, the caselaw Lenigar cites in his own brief forecloses his argument. In State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, paragraph two of the syllabus, the Ohio Supreme Court held that a criminal defendant is not constitutionally entitled to a hearing to determine whether he is a sexually oriented offender; the sexually oriented offender designation attaches as a matter of law. Lenigar argues that this does not foreclose his argument since he would have been able to demonstrate that he was sufficiently rehabilitated so he would not have to register as a sexually oriented offender. But the court held in Hayden that the designation attaches as a matter of law. Lenigar could not have presented anything at a hearing to prevent this designation.
 {¶ 10} Lenigar's argument on appeal fails because the record does not indicate that the trial court failed to hold the scheduled hearing. Furthermore, there was no need for the trial court to hold that hearing in order to designate Lengiar as a sexually oriented offender since the designation attaches as a matter of law. Lenigar's arguments to the contrary are meritless. The judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.