JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Daryl Rogers ("Rogers"), pled guilty to rape when he held his ex-wife at knife point, choked her, and raped her. He was sentenced by the trial court to five years in prison. Rogers' five-year prison term was ordered to run consecutive to the three-year prison term imposed in a previous case where the community control sanctions were later terminated.[1]
Rogers was also classified as a sexually oriented offender. He now appeals, citing two assignments of error.
 I {¶ 2} For his first assignment of error, Rogers argues that he was denied the effective assistance of counsel when his counsel failed to object to the constitutionality of the sexually oriented offender classification. In particular, Rogers claims that his counsel should have argued that the classification violated his right to a jury trial because the facts supporting such a classification were not determined by a jury. However, Rogers' argument lacks merit.
 {¶ 3} A sexually oriented offender, as defined by the Revised Code, is one who has committed a sexually oriented offense, such as rape, in violation of R.C. 2907.02. See R.C. 2950.01(D)(1)(a). For instance, when a defendant has been found guilty of rape or has pled guilty to rape, that defendant is automatically and by operation of law classified as a sexually oriented offender.State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶ 18,773 N.E.2d 502. Indeed, such a defendant is not entitled to a hearing to determine the sexually oriented offender classification. Id.
 {¶ 4} Here, Rogers pled guilty to rape in violation of R.C.2907.02. By virtue of his guilty plea, Rogers is a sexually oriented offender pursuant to R.C. 2950.01(D)(1)(a). Any objection by his counsel as to the constitutionality of the classification would have been futile; thus, the failure of Rogers' counsel to object cannot be considered deficient. Rogers' first assignment of error is overruled and the trial court's classification of Rogers as a sexually oriented offender is affirmed.
 II {¶ 5} For his supplemental assignment of error, Rogers argues that his Sixth Amendment right to a jury trial was violated when the trial court erred by sentencing him to more than the minimum and consecutive sentences. Rogers properly contends that the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 97, 845 N.E.2d 470 requires this court to vacate his sentence and remand for resentencing because the trial court relied on factors of the now unconstitutional statutes in imposing his more than the minimum and consecutive sentences. Rogers' contention is well-founded, as the trial court specifically relied on the statutory factors in R.C. 2929.14(B) to impose more than the minimum sentence and R.C. 2929.14(E)(4) to impose a consecutive sentence. Thus, this court sustains Rogers' supplemental assignment of error, vacates Rogers' sentence and remands the matter to the trial court for resentencing consistent with Foster.
 {¶ 6} Judgment affirmed in part, vacated in part and remanded for resentencing.
 {¶ 7} It is ordered that appellant recover of appellee his costs herein taxed.
 {¶ 8} The court finds there were reasonable grounds for this appeal.
 {¶ 9} It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Sentence vacated and case remanded for resentencing.
 {¶ 10} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Cooney, J., concur.
[1] In the previous case, Rogers received two years of community control sanctions after pleading guilty to abduction and domestic violence. The sanctions were terminated and the three-year prison term was imposed because Rogers committed rape while on probation.