OPINION
{¶ 1} As part of a negotiated plea agreement, Defendant, Randy Dietrich, entered pleas of guilty to one count of rape, R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of pandering sexually oriented matter involving a minor, R.C. 2907.322(A)(5), a felony of the fourth degree. In *Page 2 
exchange, the State dismissed a charge of gross sexual imposition and deleted language in the rape count alleging that the victim was less than ten years of age. The trial court sentenced Defendant to eight years for rape and eighteen months for pandering sexually oriented matter involving a minor, the sentences to be served concurrently. The court also fined Defendant one thousand dollars and classified him as a sexually oriented offender.
 {¶ 2} We granted Defendant leave to file a delayed appeal. Defendant's appellate counsel filed a brief pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 3} Defendant's counsel has not identified and argued any specific issue in this appeal. Rather, after carefully examining the court file and the transcripts of the plea proceeding and the sentencing hearing, appellate counsel readily acknowledges that the trial court substantially complied with the requirements of Crim. R. 11(C)(2) in *Page 3 
accepting Defendant's guilty pleas, that the trial court did not abuse its discretion in imposing its sentence, which was within the authorized statutory range, and that by operation of law Defendant is properly classified as a sexually oriented offender because he has been convicted of sexually oriented offenses.
 {¶ 4} This court has carefully examined the file and the plea and sentencing transcripts. We conclude that Defendant's pleas of guilty were a complete admission of his guilt, Crim. R. 11(B)(1), and that the trial court fully satisfied all of the requirements in Crim. R. 11(C)(2) in accepting Defendant's guilty pleas. Defendant's pleas were knowing, intelligent and voluntary. Furthermore, Defendant's sentences are not contrary to law, and the trial court did not abuse its discretion in imposing greater than minimum and maximum sentences that are within the authorized statutory range of punishments for first and fourth degree felonies. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856; R.C. 2929.14(A)(1), (4). Finally, having been convicted of "sexually oriented offenses" as defined in the 2005 version of R.C. 2950.01, and having not been found a habitual sex offender or a sexual predator by the trial court, the sexually oriented offender designation automatically attaches as a *Page 4 
matter of law. State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169.
 {¶ 5} We have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, the judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1