[Cite as *State v. Mosley*, **2014-Ohio-391**.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99887

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ERIC MOSLEY

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544852

**BEFORE:** Boyle, A.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

Gittel L. Chaiko
Assistant County Prosecutor
9300 Quincy Avenue, 4th Floor
Cleveland, Ohio   44106

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Appellant, state of Ohio, appeals the trial court's dismissal of the indictment filed against defendant-appellee, Eric Mosley, for a single count of failing to register under R.C. 2950.041. The state raises the following single assignment of error:

The trial court erred in dismissing the indictment as Mosley is required to register as a child-victim offender.

{¶2} Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶3} In 1999, pursuant to a plea agreement reached with the state, Mosley pleaded guilty to an amended charge of attempted abduction. Consistent with the terms of the plea agreement, the charge did not carry a sexual motivation specification. The trial court accepted Mosley's guilty plea and sentenced him to two years of community controlled sanctions.

{¶4} In April 2002, Mosley was sentenced to 11 months in prison for several unrelated cases. At that time, the trial court also entered an order terminating Mosley's community controlled sanctions in his attempted abduction case but did not impose any additional prison sentence for that case. Nor did the trial court issue any order purporting to impose a registration requirement upon Mosley.

{¶5} In December 2010, the state indicted Mosley on a single count of failing to register in violation of R.C. 2950.041(E). The indictment identified Mosley's 1999 attempted abduction conviction as the predicate offense giving rise to the registration requirements. Mosley was taken into custody in November 2012.

**{¶6}** In April 2013, Mosley moved to dismiss the indictment on the grounds that the underlying offense giving rise to the indictment was not a sex offense. The state opposed Mosley's motion, conceding that Mosley did not have an obligation to register as a sex offender but arguing that he did have an obligation to register as a child-victim offender as a matter of law.

**{¶7}** At the hearing on the motion to dismiss, Mosley urged the court to dismiss the indictment against him because (1) the child-victim oriented offender provisions did not apply to him; and (2) even if applicable, basic notions of due process required that he be notified of the statute's application, which he had never been notified of. In support of his argument, Mosley submitted the paperwork that he received from the sheriff's office, which indicated that he was being required to register as a sexually-oriented offender — not as a child-victim oriented offender.

**{¶8}** Mosley testified at the hearing that his guilty plea was based on the understanding that he was not pleading to any sex offense that carried registration requirements. He further testified that he was advised that the offense of attempted abduction was not a sex offense. According to Mosley, he would not have entered a plea if the offense was a sex offense that carried registration requirements. Mosley also testified that, although his probation officer "said somethin' about" registering as a sex offender after Mosley was released from prison in 2003, Mosley disputed the classification. Mosley further testified that he had never been told to register as a child-victim oriented offender — a term that he heard for the first time at the hearing.

On cross-examination, Mosley recalled that the victim of the attempted abduction was "14 or 15" years old.

{¶9} The trial court ultimately granted Mosley's motion to dismiss and dismissed the single count of failing to register as a child-victim oriented offender with prejudice. The state now appeals.

Duty to Register

{¶10} Relying on the child-victim oriented offender provisions contained in former R.C. 2950.041 and enacted as part of S.B. 5, effective July 31, 2003, the state argues that Mosley has an absolute duty to register. The state argues that the General Assembly redesignated the offense of abduction of a minor from a sexually oriented offense (see former R.C. 2950.01, effective January 1, 1997, 1996 H.B. 180) to a child-victim offense through S.B. 5. And based on the retroactivity clause contained in former R.C. 2950.041(A)(1)(c), the state argues that Mosley was required to register because (1) his "offense would have been considered a sexually oriented offense prior to July 31, 2003," and (2) he "would have been required to register as a sexually oriented offender."

{¶11} Mosley counters that the state's argument is fatally flawed because he was not required to register as a sex offender under Ohio's sex offender registration and notification scheme in effect at the time of his conviction for attempted abduction. Mosley points out that, at the time of his 1999 sentencing, abduction was not automatically considered a sexually oriented offense; it was only a sexually oriented offense if there is an additional determination that the victim "is under eighteen years of

age." Former R.C. 2950.01(D)(2)(a). Despite the fact that the victim in this case was under the age of 18, Mosley argues that "the parties effectively agreed, as a part of the plea agreement, that the offense did not involve a minor," thereby avoiding the registration requirements in effect at the time. The state does not dispute this point.

{¶12} Based on the evidence presented at the hearing on the motion to dismiss, it is clear from the record that Mosley's not having to register as a sex offender was a material term of his plea agreement. While the state now contends that Mosley pleaded guilty to attempted abduction of a minor, we find no support for this claim in the record before us. Instead, consistent with Mosley's arguments and the trial court's sentencing journal entry, it appears that Mosley was convicted and sentenced for attempted abduction, without any reference to the victim being a minor. To the extent that the state now seeks to go beyond the terms of the parties' plea agreement, we find that it is precluded from doing so.

{¶13} We agree with Mosley and find the Tenth District's decision in *State v. Adams*, 10th Dist. Franklin No. 09AP-141, 2010-Ohio-171, to be persuasive and directly on point. In *Adams*, the trial court accepted the parties' plea agreement in 2010 whereby the defendant pleaded guilty to a single count of misdemeanor corruption of a minor in violation of R.C. 2907.04, despite the defendant being four years older than the victim. The parties essentially stipulated that defendant was not four years older than the victim. *Id.* at ¶ 26. The state, however, subsequently sought to classify defendant as a Tier II sex offender after the passage of S.B. 10 in 2008 on the basis that defendant was actually

four years older than the victim. The court recognized that the doctrine of res judicata precluded the state from subsequently attacking the plea agreement and parties' stipulation as to the defendant's age. *Id.* The court further held that the state was bound to the terms of its plea agreement and "precludes the state from going outside the agreement to classify defendant under the new law" based on the age gap. *Id.*

**{¶14}** The same reasoning applies in this case and precludes the state from now attacking the plea agreement it reached with Mosley in 2009. The state is bound by the plea agreement that it reached. Accordingly, based on that plea agreement, the state has failed to demonstrate that the retroactivity provisions of former R.C. 2950.041(A)(1)(c) apply in this case. Indeed, Mosley was never required to register as a sex offender to warrant any subsequent requirement to register as a child-victim oriented offender under former R.C. 2950.041.

**{¶15}** The state contends that the trial court's failure to classify Mosley as a sexually-oriented offender is irrelevant because "the duty to register as a sexually oriented offender, under Megan's Law, arises by operation of law." In support of this argument, the state relies on the Ohio Supreme Court's decision in *State v. Hayden*, 97 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502. We find the state's reliance misplaced.

**{¶16}** In *Hayden*, the court recognized that a trial court could make a sex offender classification, under Megan's Law, if a defendant has been convicted of a sexually-oriented offense as defined under statute. The court recognized that the classification attaches as a matter of law and that the absence of a hearing did not violate

the defendant's due process rights. The critical fact at issue was that Hayden was convicted of a sexually-oriented offense. As discussed above, there is no evidence that Mosley was convicted of a sexually-oriented offense. Nor did the trial court ever determine that Mosley was a sexually-oriented offender.

{¶17} Based on the record before us, we find that the trial court properly dismissed the failure-to-register count because the child-victim oriented offender provision did not apply retroactively to Mosley. And having found that the provision does not apply, we need not address Mosley's due process arguments with respect to its application to him.

{¶18} The state's sole assignment of error is overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR