OPINION
{¶ 1} Defendant-appellant Raymond Dale Florer appeals the decision of the Fairfield County Court of Common Pleas finding him to be a sexual predator and requiring him to register as an offender of a sexually oriented offense pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On the evening of March 13, 1977, a young woman, Rachel Roush, was at the Long Branch, a Lancaster tavern, with the appellant. Ms. Roush was seen leaving with appellant. Before leaving, appellant told friends in the bar words which alluded to him having sex with Mrs. Roush.
 {¶ 3} The next morning, March 14, 1977, the body of Ms. Roush was found partially hidden under some brush. Her pantyhose and underwear were around one ankle and her dress was pushed up with her vaginal area exposed. The medical examiners determined that there were three stab wounds to the victim's chest and massive trauma to her face and chest. The victim's teeth and her pallet had been driven into her larynx and there was an impression of a boot heel on her chest. Forensic evidence included blood on appellant's underwear, shoes and jeans. There was also semen on appellant's jeans. The laboratory reports did not rule out vaginal intercourse, but did not find any evidence of semen in the vagina. The victim's cigarette lighter, engagement ring, and wedding band were found in the possession of appellant.
 {¶ 4} On May 26, 1977, appellant plead guilty to murder, pursuant to R.C. 2903.02, and aggravated robbery, pursuant to R.C. 2911.01, and was sentenced. Appellant received a sentence of seven to twenty-five years on the count of aggravated robbery consecutive to a sentence of fifteen years to life on the charge of murder.
 {¶ 5} On September 13, 2004 and November 8, 2004, upon receipt of a recommendation from the Department of Corrections and Rehabilitation that the appellant be adjudicated as a sexual predator, appellant appeared before the trial court for a classification hearing pursuant to R.C. Chapter 2950.
 {¶ 6} Jaime Lai, a clinical and forensic psychologist with Netcare, who performed an examination of Appellant, testified at the hearing that appellant was a moderate to high risk for committing future sexually oriented offenses. Lancaster Police Department Deputy Chief Baily and former Detective Regan, both, testified that in their opinion the murder was sexually motivated. Appellant did not testify.
 {¶ 7} Upon completion of the hearing, the trial court issued a judgment entry in which it classified appellant a "sexual predator."
 {¶ 8} Appellant timely filed a notice of appeal and sets forth the following two assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN FINDING THAT THE STATE HAD SHOWN THAT RAYMOND DALE FLORER HAD BEEN CONVICTED OF OR PLEADED GUILTY TO A SEXUALLY ORIENTED OFFENSE.
 {¶ 10} "II. THE TRIAL COURT ERRED IN FINDING THAT THE STATE HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT RAYMOND DALE FLORER WAS LIKELY TO ENGAGE, IN THE FUTURE, IN ONE OR MORE SEXUALLY ORIENTED OFFENSES".
 I. {¶ 11} In his first assignment of error, appellant sets forth that he was not convicted of a sexually oriented offense because the murder charge that he pled guilty to did not contain any sexually motivated specifications, and there was insufficient evidence to prove that the murder was committed with a purpose to gratify his sexual needs or desires. We disagree.
 {¶ 12} In the case at bar, appellant pled guilty to a lesser-included offense of murder, a violation of R.C. 2903.02. Murder is considered a "sexually oriented offense" if it is "committed with a purpose to gratify the sexual needs or desires of the offender." R.C. 2950.01(D) (1) (c).
 {¶ 13} Whether or not the offense of murder is classified as one which was "committed with a purpose to gratify the sexual needs or desires of the offender" is a question of fact which lies with the unique facts and circumstances of each individual case. State v. McClellan, 10th Dist No. 01AP-1462, 2002-Ohio-5164 at ¶ 15; State v. Slade (Dec. 28, 1999), Franklin App. No. 98AP-1618. As this court has noted "[w]hile only a small number of sexual predator cases have involved offenses that were not sexual offenses by statutory definition, the Court of Appeals for Miami County has stated a standard of review for a claim challenging the evidence in support of the gratification prong of the statutory definition of sexual predator. Where there is not testimony or direct evidence that the offender was gratifying himself sexually, a finding of purpose of sexual arousal or gratification may be inferred from the type, nature, and circumstances surrounding the contact.State v. Anderson (March 3, 2000), Miami Appellate No. 99-CA-19, unreported. If the evidence, viewed in a light most favorable to the prosecution, and believed by the trier of fact, could permit a rational trier of fact to infer that a defendant's conduct was for the purpose of his own sexual arousal or gratification, the finding is reasonable and supported by sufficient evidence. Id. State v. Butler, 5th Dist. No. 2001CA00069, 2002-Ohio-774.
 {¶ 14} In the instant case, the type, nature, and circumstances surrounding the attack support the court's conclusion, by clear and convincing evidence, that appellant committed the murder for the purpose of sexual gratification.
 {¶ 15} After appellant and the victim had left the bar, appellant returned to say good-bye to his friends and indicated he was leaving to have sex with the victim. (Id. at 18-19). Testimony was presented that the body of the young female victim was found hidden in bushes with her pantyhose and underwear around one of her ankles. (T. at 65; 71; 74; 90). Her dress was pushed up revealing her bare vaginal area. (Id. at 71). Appellant had semen on his jeans and blood on his underwear. (Id. at 69; 75). Appellant had indicated that the victim had agreed to a sexual encounter but changed her mind. (Id. at 36). This enraged him causing him to beat her to death. (Id.).
 {¶ 16} In Butler, supra this court found the murder victim's clothing placement and absence of underwear to be a factor in determining whether the crime was sexually motivated. A similar finding was made by the Tenth District Court of appeals in McClellan, supra "the facts introduced into evidence at the 2001 sexual predator hearing support the finding that appellant is a sexually oriented offender. Octavia was found in a remote area, with her blouse undone, her bare breasts exposed and smeared with blood, and her jeans unbuttoned and pulled down over her tights". 2002-Ohio-5164 at ¶ 16.
 {¶ 17} Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St. 3d 259,574 N.E. 2d 492.
 {¶ 18} The court's finding that the appellant's conduct was for the purpose of his own sexual arousal or gratification is supported by sufficient evidence.
 {¶ 19} The first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, appellant claims the trial court's classification of him as a "sexual predator" was not supported by clear and convincing evidence. We disagree.
 {¶ 21} Ohio's sex-offender registration scheme provides for three classes of sex offenders: habitual sex offenders, sexual predators, and sexually oriented offenders. See R.C. 2950.09; see, also, State v. Williams, 88 Ohio St.3d 513, 518, 2000-Ohio 428, 728 N.E.2d 342, certiorari denied sub nom. Suffecool v.Ohio (2000), 531 U.S. 902, 121 S.Ct. 241, 148 L.Ed.2d 173.
 {¶ 22} In State v. Hayden (2002), 96 Ohio St.3d 211,2002-Ohio-4169, 773 N.E.2d 502 the Ohio Supreme Court noted: "R.C. 2950.01(B) defines a `habitual sex offender' as a person who `is convicted of or pleads guilty to a sexually oriented offense' and who `previously has been convicted of or pleaded guilty to one or more sexually oriented offenses.' R.C.2950.01(B) (1) and (2). In the case of an adult, R.C. 2950.01(E) defines a `sexual predator' as a person who `has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.' Finally, the least restrictive designation that of a `sexually oriented offender,' is not specifically defined in R.C. Chapter 2950. However, we have explained that a `sexually oriented offender' is a person `who has committed a `sexually oriented offense' as that term is defined in R.C.2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator.' Cook, supra,83 Ohio St.3d at 407, 700 N.E.2d 570; Williams, supra,88 Ohio St.3d at 519, 728 N.E.2d 342". Id. at 213, 2002-Ohio-4169 at ¶ 9,773 N.E.2d at 504.
 {¶ 23} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. Traditionally, the courts, including this one, have applied the standard set forth by the Ohio Supreme Court in C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. In C.E. Morris the Ohio Supreme Court announced the standard for reviewing civil judgments as against the weight of the evidence. The court held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Id. at paragraph one of the syllabus. The civil standard has been applied to the trial court's determination that a particular offender is a sexual predator. See, e.g., State v. Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587; State v. Childs (2001), 142 Ohio App.3d 389,395, 755 N.E.2d 958; State v. Wilkerson (2000),138 Ohio App.3d 861, 742 N.E.2d 716; State v. Gerhardt, Clark App. No. 00CA0090, 2001-Ohio-1470; State v. Scott, Logan App. No. 8-2000-26, 2001-Ohio-2107; State v. Hood, Washington App. No. 00CA51, 2001-Ohio-2620; State v. Cooper, Muskingum App. No. CT2001-0013, 2001-Ohio-1676; State v. Parsons (Aug. 17, 2001), Huron App. No. H-00-042. Thus "if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings".State v. Griggs, 12th Dist. No. CA2001-08-194, 2002-Ohio-4375 at ¶ 5. In Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." In the case at bar, we find that the trial court did properly apply the law to the factual findings.
 {¶ 24} A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v.Eppinger (2001), 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881, 886. There must be clear and convincing evidence that the offender is a "sexual predator" before that predator classification may be applied. R.C. 2950.09(B) (4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt." State v. Danby (1983),11 Ohio App.3d 38, 41, 463 N.E.2d 47, citing Cross,161 Ohio St. at 477, 120 N.E.2d 118.
 {¶ 25} In State v. Hayden (2002), 96 Ohio St.3d 211,2002-Ohio-4169, 773 N.E.2d 502, the Ohio Supreme Court held; "the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C.2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law. Id. at 215, 2002-Ohio-4169 at ¶ 15,773 N.E.2d at 506. In our disposition of appellant's first assignment of error, we found the trial court had sufficient evidence before it to conclude that the murder was a sexually oriented offense. Accordingly, the only remaining issue before the trial court was whether the appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 26} In making the sexual predator determination, the trial court is to examine the factors enumerated in R.C. 2950.09(B) (3), which include the following:
 {¶ 27} "(a) The offender's age;
 {¶ 28} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 29} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 30} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 31} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 32} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 33} "(g) Any mental illness or mental disability of the offender;
 {¶ 34} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 35} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 36} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B) (3).
 {¶ 37} In State v. Eppinger, supra, the Ohio Supreme Court set forth the requirements for conducting a sexual predator hearing. Of relevance to the case at bar, the Court noted "[f]inally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism". See State v. Thompson, supra. See, also, State v. Russell
(Apr. 8, 1999), Cuyahoga App. No. 73237, unreported,1999 WL 195657; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437". Id. at 166, 743 N.E.2d at 889.
 {¶ 38} The trial court has significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded great deference. State v. Robertson, 147 Ohio App.3d 94,2002-Ohio-494, 768 N.E.2d 1207. The court has discretion to determine what weight, if any, it will assign to each statutory guideline. State v. Thompson, 92 Ohio St.3d 584,2001-Ohio-1288, 752 N.E.2d 276. The trial court does not need to find a majority of the R.C. 2950.09(B)(3) factors to support a sexual predator determination; rather, an appellant may be so adjudicated even if only one or two of the factors are present as long as the totality of the circumstances provides clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. State v. Murphy,
11th Dist. No. 2003-L-049, 2005-Ohio-412 at ¶ 41.
 {¶ 39} In the case at bar, the State presented the testimony of Jaime Lai, a clinical and forensic psychologist who performed an examination of appellant and issued a 21-page report. (T. at 14). Dr. Lai, as part of her evaluation of appellant, reviewed numerous documents, police reports, and previous psychological reports, including a report prepared by a Dr. Litvak, who had interviewed the appellant a short time after the offense occurred in 1977. (Id. at 34-36).
 {¶ 40} Dr. Lai testified that appellant "has a pattern of early antisocial behavior as an adolescent and as an adult based upon several arrests as an adolescent and several arrests as an adult. I might add that none of those say specifically that they were sexual in any way or sexually motivated, but there is a pattern suggested by those arrests of antisocial behavior." (T. at 20). [R.C. 2950.09(B) (3) (b)].
 {¶ 41} Dr. Lai further testified concerning appellant's diagnosis of mental illness. (Id.). Appellant's score on the Hare Psychopath Checklist, Revised fell in the range that correlates with males identified with psychopaths. (Id. at 25). [R.C.2950.09(B) (3) (g)].
 {¶ 42} Dr. Lai administered several tests to appellant designed to assist her in predicting appellant's propensity to commit future sexually oriented offenses. (Id. at 24). Those tests indicate appellant has a moderate to high risk of committing future sexually oriented offenses. (Id. at 24-25).
 {¶ 43} Dr. Lai further testified that appellant has not participated in any sexual offender programs while incarcerated. (Id. at 33).
 {¶ 44} The murder in the case at bar was brutal. The victim suffered three stab wounds to her chest. Her teeth and pallet had been driven into her larynx and there was an impression of a boot heel on her chest. (Id. at 34; 65-66; 76; 90). [R.C. 2950.09 (B) (3) (i)].
 {¶ 45} Additionally we would note that neither Dr. Lai's report, nor the numerous documents she reviewed in preparing her report are contained in the trial or appellate court records.
 {¶ 46} Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506; Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237,1238-1239. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385.
 {¶ 47} If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. Wozniak, 90 Ohio App.3d at 409,629 N.E.2d at 506; In re Adoption of Foster (1985),22 Ohio App.3d 129, 131, 489 N.E.2d 1070, 1072-1073.
 {¶ 48} Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B) (3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 49} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed. Costs to appellant.