KEENEY, Appellant,

v.

The STATE of Ohio, Appellee.

[Cite as *Keeney v. State*, 188 Ohio App.3d 498, 2010-Ohio-3507]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090501.

Decided July 30, 2010.

Dinsmore & Shohl, L.L.P., Michael Newman, and Christopher R. McDowell, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

CUNNINGHAM, Presiding Judge.

{¶ 1} In 1986, petitioner-appellant, Jeff Keeney,[1] was indicted for rape and two counts of felonious assault. All counts carried a specification that Keeney had previously been convicted of burglary. After a bench trial, Keeney was acquitted of rape and one count of felonious assault. He was found guilty of one count of felonious assault and was sentenced to eight to 15 years' incarceration.

---

1. Keeney's first name appears as Jeffrey only on the notice of appeal. On all other documents Keeney is listed as Jeff.

{¶ 2} In 1996, the Ohio legislature enacted Am.Sub.H.B. No. 180 ("Megan's Law"), which rewrote Ohio's sex-offender registration statutes contained in R.C. Chapter 2950. Megan's Law became effective in 1997. Pursuant to Megan's Law, offenders who had committed a sexually oriented offense that was not registration-exempt were labeled a sexually oriented offender, a habitual sexual offender, or a sexual predator based upon the crime committed and the findings made by the trial court at a sexual-offender classification hearing.[2]

{¶ 3} Under the Megan's Law's version of R.C. 2950.01(D)(3), felonious assault was a sexually oriented offense when it was committed "with a purpose to gratify the sexual needs or desires of the offender."[3] Former R.C. 2950.09(C)(1) provided, "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator." The department of rehabilitation and correction was required to notify the trial court of its recommendation that an offender be labeled a sexual predator.[4] The trial court could deny the recommendation without a hearing.[5] If the court found that the offender was not a sexual predator, the court was required to determine whether the offender was a habitual sexual offender.[6] An offender who had committed a sexually oriented offense but was not classified as a sexual predator or a habitual sexual offender was designated a sexually oriented offender by operation of law.[7]

{¶ 4} On July 13, 2001, the trial court entered an order in Keeney's criminal case captioned "Entry Finding Defendant Is Not a Sexual Predator; Finding Defendant Is Not a Habitual Sex Offender." The entry stated, "This matter came before this Court for sexual predator determination to be made pursuant to Section 2950.09. Based on the information provided by the Department of

---

2. *State v. Clay,* 177 Ohio App.3d 78, 2008-Ohio-2980, 893 N.E.2d 909.

3. In 2003, the legislature replaced "committed with the purpose to gratify the sexual needs or desires of the offender" with "committed with a sexual motivation." "Sexual motivation" as defined in former R.C. 2971.01(J) "means a purpose to gratify the sexual needs or desires of the offender."

4. Former R.C. 2950.09(C)(1).

5. Former R.C. 2950.09(C)(2)(a).

6. Id.; former R.C. 2950.09(C)(2)(b).

7. *State v. Hayden,* 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502.

Corrections, and without a hearing, the Court hereby determines that [Keeney] IS NOT a sexual predator." The court also determined that Keeney had no prior conviction for a sexually oriented offense and, therefore, that he was not a habitual sexual offender. At some point, presumably upon his release from incarceration, Keeney was instructed by "the State of Ohio" to register under former R.C. Chapter 2950 annually for ten years as a sexually oriented offender.

{¶ 5} In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("Senate Bill 10") to implement the federal Adam Walsh Child Protection and Safety Act of 2006. Senate Bill 10 provides that offenders who have committed sexually oriented offenses that are not registration-exempt are to be placed in tiers based solely on the offense committed.[8] Under Senate Bill 10, felonious assault is a sexually oriented offense when it is committed with a sexual motivation.[9] An offense is committed with a sexual motivation when it is committed with the purpose to gratify the sexual needs or desires of the offender.[10]

{¶ 6} Keeney was notified that he had been reclassified under Senate Bill 10 as a Tier III sex offender and that he was required to register with the local sheriff every 90 days for life.[11] Keeney filed an R.C. 2950.031(E) petition to contest his reclassification, challenging the constitutionality of Senate Bill 10. He also filed an R.C. 2950.11(F)(2) motion for immediate relief from the community-notification provisions. The trial court overruled Keeney's constitutional challenges to Senate Bill 10 and denied his R.C. 2950.031(E) petition. The court granted Keeney's R.C. 2950.11(F)(2) motion, exempting him from the community-notification provisions.

{¶ 7} Keeney has appealed, raising six assignments of error that challenge the constitutionality of Senate Bill 10. Keeney first argues that he was acquitted of rape and, therefore, that the offense of felonious assault for which he was convicted in 1986 did not contain a "sexual motivation" element. Keeney argues that his felonious assault did not qualify as a sexually oriented offense because there was never a finding that his crime had been committed with a sexual

---

8. *Sewell v. State,* 181 Ohio App.3d 280, 2009-Ohio-872, 908 N.E.2d 995, at ¶ 2.

9. R.C. 2950.01(A)(4).

10. R.C. 2971.01(J).

11. There is some confusion in the record about how Keeney was notified of his reclassification under Senate Bill 10. Keeney's counsel indicated that Keeney had moved out of and then back into Ohio and that he had been reclassified at that time. The prosecutor stated that Keeney had received a notice from the Ohio Attorney General stating that he had been reclassified as a Tier III sex offender.

motivation. Because he has never been convicted of a sexually oriented offense, Keeney argues, he cannot be required to register as a sex offender.

{¶ 8} R.C. 2950.01(B)(1) defines "sex offender" as a person who has been convicted of a sexually oriented offense. Felonious assault is a "sexually oriented offense" only when it is committed with a sexual motivation.[12] Whether an assault was committed with a sexual motivation, i.e., whether it was committed with a purpose to gratify the sexual needs or desires of the offender, is a question of fact that depends for its resolution on the circumstances surrounding the offense.[13] A hearing may be required where there is an issue of fact as to whether an offense was committed with a sexual motivation.[14] The burden is on the state to prove by clear and convincing evidence that an offense was committed with a sexual motivation.[15]

{¶ 9} At the hearing on Keeney's R.C. 2950.031(E) petition, the state argued that the entry of July 13, 2001, constituted a finding by the previous trial court that Keeney was a sexually oriented offender and, therefore, that he had committed felonious assault with a sexual motivation. In overruling Keeney's R.C. 2950.031(E) petition, the trial court accepted the state's argument and found that the previous trial court had found Keeney to be a sexually oriented offender. But the entry of July 13, 2001, did not constitute a determination by the previous trial court that Keeney was a sexually oriented offender or that his offense was committed with a sexual motivation. The entry merely stated that Keeney was not a sexual predator or a habitual sexual offender. It made no statement as to whether Keeney was a sexually oriented offender or whether his offense had been committed with a sexual motivation.[16]

{¶ 10} A review of the record reveals that there has never been a judicial determination that Keeney's offense was committed with a sexual motivation. No hearing was held to address the question whether Keeney committed his crime for the purpose of gratifying his sexual needs or desires. The record before this court does not indicate that Keeney has been convicted of a sexually oriented

---

12. R.C. 2950.01(A)(4).

13. *State v. Florer*, 5th Dist. No. 2005–CA–47, 2006-Ohio-4441, 2006 WL 2474345; *State v. McClellan*, 10th Dist. No. 01 AP–1462, 2002-Ohio-5164, 2002 WL 31160074, at ¶ 15; *State v. Slade* (Dec. 28, 1999), 10th Dist. No. 98AP–1618, 1999 WL 1262051.

14. *State v. Barksdale*, 2nd Dist. No. 19294, 2003-Ohio-43, 2003 WL 77115.

15. *State v. Nagy*, 8th Dist. No. 90400, 2008-Ohio-4703, 2008 WL 4263349, at ¶ 40, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 20; *State v. Childs* (2001), 142 Ohio App.3d 389, 755 N.E.2d 958.

16. *State v. Small*, 162 Ohio App.3d 375, 2005-Ohio-3813, 833 N.E.2d 774, at ¶ 19.

offense. Therefore, he is not required to register as a sex offender under R.C. Chapter 2950.

{¶ 11} The assignments of error are sustained solely for the reasons set forth in this decision. The judgment of the trial court is reversed, and Keeney is hereby discharged from any duty to register as a sex offender under R.C. Chapter 2950.

Judgment reversed.

SUNDERMANN and HENDON, JJ., concur.