[Cite as *State v. Jones*, 2019-Ohio-133.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170518 |
|  |  | C-170519 |
| Plaintiff-Appellant, | : | TRIAL NO. B-1701909 |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| WILLIAM JONES, | : |  |
| Defendant-Appellee. | : |  |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  January 18, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Law Office of Angela Glaser* and *Angela Glaser,* for Defendant-Appellee.

**CUNNINGHAM, Presiding Judge.**

{¶1}   In 1985, defendant-appellee William Jones was indicted for rape, aggravated burglary, attempted rape, and four counts of felonious assault. All counts included specifications that Jones previously had been convicted of aggravated burglary. He pled guilty to aggravated burglary and two counts of felonious assault, and the other charges were dismissed. Jones was sentenced to an aggregate term of 11 to 25 years' incarceration, with 11 years of actual incarceration.

{¶2}   Ohio's version of Megan's Law became effective in 1997. Under Megan's Law, offenders who had committed a sexually-oriented offense that was not registration-exempt were labeled a sexually-oriented offender, a habitual sexual offender, or a sexual predator based upon the crime committed and the findings made by the trial court at a sexual-offender-classification hearing. *State v. Clay*, 177 Ohio App.3d 78, 2008-Ohio-2980, 893 N.E.2d 909 (1st Dist.). Pursuant to the Megan's Law version of R.C. 2950.01(D)(3), felonious assault was a sexually-oriented offense when it was committed "with a purpose to gratify the sexual needs or desires of the offender." *Keeney v. State*, 188 Ohio App.3d 498, 2010-Ohio-3507, 935 N.E.2d 941, ¶ 3 (1st Dist.). As we noted in *Keeney*, "In 2003 the legislature replaced 'committed with the purpose to gratify the sexual needs or desires of the offender' with 'committed with a sexual motivation.' 'Sexual motivation' as defined in former R.C. 2971.01(J) 'means a purpose to gratify the sexual needs or desires of the offender.' " *Keeney* at fn. 3.

{¶3}   Former R.C. 2950.09(C)(1) provided,

If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state

2

correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator.

{¶4} As we explained in *Keeney*, under Megan's Law,

The department of rehabilitation and correction was required to notify the trial court of its recommendation that an offender be labeled a sexual predator. The trial court could deny the recommendation without a hearing. If the court found that the offender was not a sexual predator, the court was required to determine whether the offender was a habitual sexual offender. An offender who had committed a sexually oriented offense but was not classified as a sexual predator or a habitual sexual offender was designated a sexually oriented offender by operation of law.

(Citations omitted.) *Keeney* at ¶ 3.

{¶5} The record reflects that on September 4, 2003, the court journalized an entry in which it stated, "Information provided to the court indicates that Department of Correction has previously found defendant to be a sexually oriented offender." On July 19, 2004, the trial court ordered Jones's return from prison for a sexual-predator hearing on August 11, 2004. At the August 11, 2004 hearing, no testimony was taken and no evidence outside the record of the 1985 criminal case numbered B-8503221-B was submitted. In response to the trial court's inquiry as to whether "everything" was "submitted on the record," defense counsel stated, "Judge, it's submitted on the record, because as a matter of law, unfortunately, you have to find him at least a sexually-oriented offender." The court then entered an order reflecting in part that Jones was a sexually-oriented offender.

3

{¶6}  On April 10, 2017, in the instant case, Jones was indicted for failing to verify his current address and failing to provide notice of an address change.  The indictment stated that the basis of Jones's duty to register was a 1985 felonious-assault conviction.  Jones filed a motion to dismiss the indictment, arguing that he had no duty to register under Megan's Law, because he had not been convicted of a sexually-oriented offense where there had been no finding by the court, and nothing in the record to demonstrate, that he had committed felonious assault with a sexual motivation.  Following a hearing, the trial court granted Jones's motion to dismiss the indictment.  The court found that nothing in the record from the felonious-assault cases established that Jones had admitted to committing either of the felonious assaults with a sexual motivation; therefore, they were not sexually-oriented offenses and could not provide the basis for any sexual-offender-registration duties.  The court specifically found that Jones had never been convicted of a sexually-oriented offense, and therefore, he never had a duty to register as a sex offender.  The court also entered an order directing the Hamilton County sheriff to remove Jones from the sex-offender registry, but the court stayed that order pending appeal.  The state has appealed the court's order directing the sheriff to remove Jones from the sex-offender registry in the case numbered C-170518, and the order dismissing the indictment in the case numbered C-170519.  The cases have been consolidated.

{¶7}  The state's sole assignment of error asserts, "The trial court erred in dismissing the indictment for registration offenses in violation of R.C. Chapter 2950 and in directing the Hamilton County sheriff to remove Jones from the registry of sex offenders when Jones previously stipulated that he was a sexually oriented offender before the court who presided over his original case and who was statutorily obligated to preside over the sexual predator classification hearing."  The state

argues that Jones stipulated to his classification at the August 11, 2004 hearing, and that based on Jones's stipulation, the trial court entered an order determining that Jones was a sexually-oriented offender.

{¶8}    Pursuant to former R.C. 2950.09(C)(1), Jones was subject to Megan's Law's registration requirements only if he was serving a prison term for a sexually-oriented offense on or after July 1, 1997.  The state argues that Jones stipulated to his classification as a sexually-oriented offender at the August 11, 2004 sexual-offender-classification hearing.  At that hearing, the following took place:

THE COURT:  Well, for purposes of the record, Mr. Jones is here for a sexual predator hearing, and he's represented by counsel.

Is everything submitted on the record?

[DEFENSE COUNSEL]:  Judge, it's submitted on the record, because, as a matter of law, unfortunately, you have to find him at least a sexually-oriented offender.

* * *

THE COURT:  Just for the record, we'll say the Court has determined the defendant is found to be a sexually-oriented offender * * *.

No testimony was taken and no evidence was presented as to whether Jones's felonious-assault offense had been committed with a sexual motivation.

{¶9}    As we stated in *Keeney*,

Felonious assault is a "sexually oriented offense" only when it is committed with a sexual motivation.  Whether an assault was committed with a sexual motivation, i.e., whether it was committed with a purpose to gratify the sexual needs or desires of the offender, is a question of fact that depends for its resolution on the circumstances surrounding the offense.  A hearing may be required where there is an

5

issue of fact as to whether an offense was committed with a sexual motivation. The burden is on the state to prove by clear and convincing evidence that an offense was committed with a sexual motivation.

(Internal citations omitted.) *Keeney*, 188 Ohio App.3d 498, 2010-Ohio-3507, 935 N.E.2d 941, at ¶ 8.

{¶10} Defense counsel "submitted" the matter "on the record." But there was nothing in the record to show that Jones had committed felonious assault with a sexual motivation. Based on the record before the court, the statement that Jones was "at least a sexually-oriented offender" was incorrect. Jones was not "at least a sexually-oriented offender" based on the record submitted to the court, because that record did not show any sexual motivation. Counsel's statement that Jones was "at least a sexually-oriented offender," which was prefaced with counsel's statement that the matter was "submitted on the record," was not supported by the record; therefore, it could not have constituted a stipulation that Jones had committed felonious assault with a sexual motivation.

{¶11} There is nothing in the record to demonstrate that Jones committed felonious assault for the purpose of gratifying his sexual needs or desires. Jones pleaded guilty to two counts of felonious assault as charged in the 1985 indictment. The felonious-assault counts in that indictment do not allege any sexual motivation. There is no transcript of the 1985 plea hearing. At the 2004 sexual-offender-classification hearing, the parties submitted the matter "on the record," a record which did not demonstrate that Jones had been convicted of a sexually-oriented offense. The trial court in the instant case specifically found that nothing in the record from the 1985 case established that Jones had pleaded guilty to committing either of the felonious assaults with a sexual motivation, and therefore, "the

6

convictions in 1985 for felonious assault cannot, as a matter of law, serve as a basis for either offense to constitute a 'sexually oriented offense.' " The record supports the trial court's determination.

{¶12} The record does not show that Jones has been convicted of a sexually-oriented offense, and therefore, he is not required to register as a sex offender. *See Keeney* at ¶ 10. The assignment of error is overruled. The judgments of the trial court are affirmed.

Judgments affirmed.

**MYERS** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.