JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Isaiah Smith, appeals from the trial court's judgment finding him to be a sexual predator. Smith argues that the trial court erred in classifying him as a sexual predator without first considering whether he should more appropriately classified as a sexually oriented offender, and that his lawyer was ineffective for not asking the court to consider whether he should be classified as a sexually oriented offender. We affirm.
 {¶ 2} In August 2006, the victim's neighbor called the police after observing Smith sneak through the victim's bedroom window late one night. After investigation, the police learned that Smith, who was 27 years old, and the victim, who was 14 years old, were involved in a sexual relationship. The two had met in a chat room; the victim had told Smith that she was 17 years old, and the victim's mother later confirmed that the victim looks older than her age.
 {¶ 3} Smith was subsequently indicted on five counts of unlawful sexual conduct with a minor. He pled guilty to one count of unlawful sexual conduct with a minor and the remaining counts were nolled. The trial court sentenced Smith to one year in prison.
 {¶ 4} Prior to sentencing, the trial court held a H.B. 180 sex offender classification hearing, at which it determined that Smith is a sexual predator. Smith now appeals this classification. *Page 4 
 {¶ 5} In his second assignment of error, Smith argues that the trial court erred in classifying him as a sexual predator without considering whether he is more appropriately classified as a sexually oriented offender.
 {¶ 6} A sexually oriented offender is a person who has committed a "sexually oriented offense" as defined by R.C. 2950.01(D) and does not meet the definition of either an habitual sex offender or sexual predator. State v. Williams (2000), 88 Ohio St.3d 513, 519. If a defendant has been convicted of a sexually oriented offense and the trial court determines that the offender is not an habitual sex offender or a sexual predator, then the designation of "sexually oriented offender" attaches as a matter of law. State v. Hayden,96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 18. Smith's argument that the trial court erred in finding him to be a sexual predator without considering whether he should more appropriately be classified as a sexually oriented offender, is, essentially, an argument that the evidence at the hearing was insufficient to establish that he is a sexual predator.
 {¶ 7} Under R.C. 2950.01(E), a sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The State must prove by clear and convincing evidence that an offender is a sexual predator, i.e., evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." R.C. 2950.09(B)(4); Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. *Page 5 
 {¶ 8} A trial court's determination in a sex offender classification hearing is reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence. State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 41. In this case, the trial court's judgment was supported by such evidence.
 {¶ 9} R.C. 2950.09(B)(3) lists ten factors for a court to consider in determining whether a sexual offender is a sexual predator. The factors include (1) the offenders' age, (2) the offender's criminal record, (3) the age of the victim, (4) whether there were multiple victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence, and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) whether the offender has a mental illness or disability, (8) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j). A court has discretion to determine what weight, if any, it will assign to each factor. State v. Thompson (2001), 92 Ohio St.3d 584,2001-Ohio-1288, paragraph one of the syllabus.
 {¶ 10} At the sex offender classification hearing, the trial judge reviewed the R.C. 2950.09(B)(3) factors. She noted that Smith was 27 years old at the time of the *Page 6 
offense, while the victim was only 14 years old. In reviewing Smith's criminal record, she noted that although Smith had not been arrested as a juvenile, as an adult, he had been charged twice for disorderly conduct while intoxicated, three times for domestic violence, once for misconduct on public transportation, and once for assault. He had no prior convictions for sex offenses.
 {¶ 11} The trial judge specifically found that several of the factors were not applicable to Smith: the offense for which Smith had pled guilty did not involve multiple victims; he had not used drugs or alcohol to impair the victim, Smith's contact with the victim was not part of a pattern of abuse, and he did not display cruelty or make threats to the victim.
 {¶ 12} With respect to "other behavioral characteristics" that contribute to Smith's conduct, however, the trial judge found that the sexual predator evaluation completed by the Court Psychiatric Clinic indicated that Smith suffers from schizoaffective disorder, bipolar type, alcohol and cannabis dependence, and paraphilia. The paraphilia diagnosis was based on Smith's self-reporting of having engaged in sexually deviant behaviors, including frottage, voyeurism, sadomasochistic activities, and fetishism. The trial judge noted that Smith had "elaborate[d] quite extensively as to his [deviant sexual] preferences" to the court psychologist, and had reported deviant sexual situations involving other women. *Page 7 
 {¶ 13} On this record, the trial court's conclusion that Smith is likely to sexually reoffend in the future is supported by competent, credible evidence. Accordingly, the trial court did not err in finding him to be a sexual predator.
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} In his first assignment of error, Smith argues that his lawyer was ineffective for not arguing that he should be classified as a sexually oriented offender, rather than a sexual predator. Because we find no error in the trial court's classification of Smith as a sexual predator, we find that Smith's counsel was not ineffective for not raising this argument to the trial court.
 {¶ 16} Appellant's first assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P. J., and MARY EILEEN KILBANE, J., CONCUR *Page 1