OPINION
{¶ 1} Appellant, the state of Ohio, appeals from the July 21, 2003 judgment entry of the Portage County Court of Common Pleas, granting Thomas Hickman's, appellee, motion to preclude the sexually oriented offender designation.
 {¶ 2} On September 9, 1997, appellee was indicted by the Portage County Grand Jury on three counts of abduction, felonies of the third degree, in violation of R.C. 2905.02(A)(2), and one count of burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1), (B), and (C). On September 15, 1997, appellee was arraigned and entered a plea of not guilty.
 {¶ 3} On October 21, 1997, appellee entered into a written plea agreement with appellant, in which appellee agreed to plead guilty to two counts of abduction. Pursuant to its October 24, 1997 judgment entry, the trial court accepted appellee's guilty plea and nolled one count of abduction and one count of burglary.
 {¶ 4} On November 26, 1997, appellee filed a motion to withdraw his written plea of guilty pursuant to Crim.R. 32.1. A hearing was held on December 22, 1997. The trial court denied appellee's motion on December 26, 1997.
 {¶ 5} A sentencing hearing commenced on February 9, 1998. Pursuant to its February 12, 1998 judgment entry, the trial court sentenced appellee to a definite term of imprisonment of three years on each of the two counts of abduction, to which he had pleaded guilty. The trial court further stated that the terms of imprisonment would run consecutively, that appellee would be credited with having served one hundred and six days, and that he would be assessed the costs of the proceedings.
 {¶ 6} Appellee filed a timely notice of appeal with this court on March 13, 1998, in which he alleged that the trial court abused its discretion and deprived him of his rights to a trial by jury and to due process of law when it denied his motion to withdraw his guilty plea. On June 18, 1999, this court affirmed the judgment of the trial court in Case No. 98-P-0024. According to appellant's brief, appellee filed an application for reopening pursuant to App.R. 26(B), which we denied on June 27, 2002.
 {¶ 7} On April 14, 2003, appellee filed a motion to preclude and/or stay his designation as a sexually oriented offender pending a resolution of State v. Reine and State v.Barksdale, 99 Ohio St.3d 1434, 2003-Ohio-2902.[1]
 {¶ 8} The facts emanating from the record are as follows: in the early morning hours on August 5, 1997, appellee repeatedly telephoned his former girlfriend, Bonnie Derby ("Bonnie"), at her residence at 9306 Keiffer Road, Mantua, Ohio, while she was getting ready for work. At approximately 5:30 a.m., Bonnie and her two young children, Albert, who was eight years old, and Maranda, who was five years old, were in her car when appellee drove into her vehicle, disabling it and precluding them from leaving. Bonnie and her children then retreated into her home, at which time appellee entered without Bonnie's consent. Inside Bonnie's home, appellee hit Bonnie on the head, while Maranda was clinging to her. After five or six blows, Bonnie and Maranda fell to the floor. The fighting continued, and appellee began kicking Bonnie while her children watched.
 {¶ 9} At his sentencing hearing, appellee admitted that he "smacked [Bonnie]" and that he would not "let her move from where [they] were arguing."
 {¶ 10} Pursuant to the July 21, 2003 judgment entry, the trial court relied on State v. Washington (Nov. 14, 2001), 11th Dist. No. 99-L-015, 2001 Ohio App. LEXIS 4980, and granted appellee's motion to preclude the sexually oriented offender designation. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 11} "Pursuant to the authority of State v. Hayden
(2002), 96 Ohio St.3d 211, the trial court committed prejudicial and reversible error by granting [appellee's] motion to preclude classification of [appellee] as a sexually oriented offender."
 {¶ 12} In its sole assignment of error, appellant argues that appellee's conviction with respect to one of the two counts of abduction involved a child under the age of eighteen. Accordingly, appellant stresses that appellee's conviction met the definition of a sexually oriented offense pursuant to R.C.2950.01(D)(1)(b)(i), and that a sexually oriented offender classification attaches by operation of law. Appellant contends that the trial court's reliance on this court's holding inWashington, supra, rather than the later Supreme Court of Ohio's holding in Hayden, supra, was error.
 {¶ 13} R.C. 2950.01(D)(1)(b)(vi) provides that a sexually oriented offense means: "[a] violation of division (A)(1), (2), (3), or (5) of section 2905.01, of section 2903.211, 2905.02,2905.03, or 2905.05, or of former section 2905.04 of the Revised Code, when the victim of the offense is under eighteen years of age and the offense is committed with a sexual motivation." (Emphasis added.)
 {¶ 14} In Washington, a domestic dispute occurred between the appellant and his former girlfriend. Washington, supra, at 1-2. The appellant pleaded guilty to one count of abduction of his former girlfriend and one count of abduction of his minor daughter. Id. at 2. At his sentencing hearing, the trial court classified appellant as a sexually oriented offender. Id. at 3. The appellant argued on appeal that based on the facts, the abduction did not constitute a sexually oriented offense even if the victim involved was a minor because no sexual conduct occurred between him and the victim. Id. at 11. The state conceded that appellant's crime was not sexual in nature. Id. at 13. As such, we were presented with the issue of whether a defendant can be adjudicated as a sexually oriented offender when the underlying offense for which the adjudication is based was not committed with a sexual motivation.
 {¶ 15} This court stated in Washington at 14, that: "unless there is evidence of sexual motivation, there is no rational basis for categorizing an abduction of a victim who is less than eighteen years old as being a sexually oriented offense. Rather, in such instances, a trial court should have some discretion in determining whether a defendant is a sexually oriented offender. Absent a showing that the abduction was motivated for a sexual purpose, [defendant's] classification as a sexually oriented offender cannot stand"
 {¶ 16} Approximately two years after our decision inWashington, the Tenth Appellate District in State v. Bowman,
10th Dist. No. 02AP-1025, 2003-Ohio-5341, at ¶ 31, determined that because the defendant pleaded guilty to a violation of R.C.2950.02 in which the victim was under the age of eighteen, he had committed a sexually oriented offense and was properly labeled as a sexually oriented offender. The court indicated that "[a]fter reviewing the record, we find competent credible evidence to support the trial court's finding that defendant's abduction was sexual in nature. * * * [T]he abduction occurred in the early morning after the victim was aroused from sleep; the victim was only partially clad; the victim was a minor and, therefore, particularly vulnerable; there was an attempt to use a toy weapon to threaten the victim to accompany defendant; the novel and personal ads that were recovered from defendant's vehicle contained sexual overtones; and it can be reasonably inferred these materials containing sexual overtones belonged to defendant." Id. at ¶ 33. Thus, the court in Bowman held that pursuant to the foregoing facts and circumstances, the defendant's abduction was sexual in nature. Id. As such, the Tenth District determined that the trial court properly classified the defendant as a sexually oriented offender. Id. at ¶ 39. The court further stated that "Washington is factually distinguishable because * * * the appellant's crime [in that case] was not sexual in nature." Id. We agree.
 {¶ 17} In the case at bar, appellant's reliance on two points, R.C. 2950.01(D)(1)(b)(i) and Hayden, supra, is misplaced. First, R.C. 2950.01(D)(1)(b)(i) provides that a sexually oriented offense means "[a] violation of division (A)(4) of section 2905.01 or section 2907.04, 2907.06, or 2907.08 of the Revised Code, when the victim of the offense is under eighteen years of age[.]" Here, appellee pleaded guilty to two counts of abduction, in violation of R.C. 2905.02(A)(2), in which one of the two counts involved a minor. Therefore, R.C.2950.01(D)(1)(b)(i) does not apply to the facts of this case. Rather, abduction, as a sexually oriented offense, is contained in R.C. 2950.01(D)(1)(b)(vi), which states that a sexually oriented offense is committed "when the victim of the offense is under eighteen years of age and the offense is committed with asexual motivation." (Emphasis added.) In the instant matter, although the victim at issue was under eighteen years old, there was no evidence that appellee committed the offense with a sexual motivation. Thus, the abduction, pursuant to R.C.2950.01(D)(1)(b)(vi), was not a sexually oriented offense based on the facts of this case since there was no showing that it was motivated for a sexual purpose. See Washington, supra.
 {¶ 18} Second, the facts in Hayden did not deal with an abduction like the instant case, but rather, the defendant pleaded guilty to attempted rape, which is in fact sexual in nature. The Supreme Court of Ohio held that "* * * if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." Hayden, supra, at paragraph two of the syllabus. Again, in the case sub judice, the abduction was not a sexually oriented offense pursuant to R.C.2950.01(D)(1)(b)(vi) because although the victim at issue was under the age of eighteen, the facts do not establish that appellee committed the offense with a sexual motivation. Therefore, this court's rationale in Washington, rather thanBowman and Hayden, is applicable here.
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] On September 11, 2003, the Supreme Court of Ohio dismissed both Reine and Barksdale on the party's motion. See State v.Reine and State v. Barksdale, 99 Ohio St.3d 1549,2003-Ohio-4781.