[Cite as *State v. Mosley*, 2015-Ohio-3597.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140633 |
| | | TRIAL NO. B-1404312 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ROBERT MOSLEY, | : | |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 4, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender*,* for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant state of Ohio has appealed the trial court's judgment, dismissing the indictment against defendant-appellee Robert Mosley for failing to provide notice of a change of address in violation of former R.C. 2950.05. The court determined that Mosley's initial classification as a sexually oriented offender violated his right to due process, and therefore, Mosley had no duty to register. We affirm the trial court's judgment.

### Facts and Procedure

{¶2} In 1995, Mosley was convicted of robbery and abduction. The indictment did not allege a sexual motivation or include the ages of the victims. He was sentenced to concurrent terms of imprisonment of three to 15 years for the robbery and two to ten years for the abduction. Prior to his release from prison in November 2000, Mosley was informed by his case manager that he would be required to register as a sexually oriented offender because the abduction was considered a sex offense. Apparently, some unknown person in the prison system had determined that the victims of the abduction had been minors, and therefore, Mosley was required to register as a sexually oriented offender.

{¶3} On August 8, 2014, Mosley was indicted for failing to provide notice of an address change. Mosley filed a motion to dismiss the indictment because (1) the factual finding that Mosley had committed a sex offense based on the ages of his victims was made by someone in the prison system and not a court, violating the separation-of-powers doctrine, and (2) abduction without a sexual motivation was not a sex offense, and requiring Mosley to register as a sex offender violated his state and federal constitutional rights to due process.

2

{¶4} The trial court granted Mosley's motion to dismiss the indictment, finding that requiring Mosley to register as a sexually oriented offender for abduction with no sexual motivation violated his right to due process. The court also concluded that the child-victim-offender statute did not apply to Mosley because he was not incarcerated on its effective date and he did not have a lawful duty to register when the law became effective. The court did not address the separation-of-powers issue. The state has appealed.

{¶5} After reviewing the record, we ordered the parties to file supplemental briefs addressing whether Mosley's duty to register had expired in 2010, ten years after he had been released from prison and notified of his duty to register as a sexually oriented offender. The parties filed a joint supplemental brief representing that due to various incarcerations and the tolling provision in former R.C. 2950.07(D), Mosley was scheduled to register until May 14, 2016.

### Analysis

{¶6} The state's sole assignment of error alleges that the trial court erred in dismissing the indictment because, as of July 31, 2003, Mosley had a duty to register as a child-victim offender under Megan's Law. The Megan's Law version of R.C. 2950.041(A)(1)(c) provided for the continuation of registration duties when the offense was defined under prior law as a sexually oriented offense, but was changed to a child-victim-oriented offense under the 2003 amendments to Megan's Law. The state argues that because Mosley had a duty to register as a sexually oriented offender under prior law, his duty was continued after the 2003 amendments changed that offense to a child-victim-oriented offense.

{¶7} Mosley argues that his classification under prior law as a sexually oriented offender for abduction, which was based solely on the ages of his victims as

determined by a prison official, and not on any finding of a sexual motivation, violated the separation-of-powers doctrine and his right to due process of law.

{¶8} Mosley committed his abduction offense in 1995. In 1997, Megan's Law became effective. The 1997 Megan's Law version of R.C. 2950.01(D)(2) defined abduction of a victim under the age of 18 as a sexually oriented offense. Because Mosley was incarcerated at the time Megan's Law became effective, he was subject to its registration provisions. *See* former R.C. 2950.04(A)(1)(a). But the trial court in Mosley's case had not made any finding about the ages of the victims, presumably because at the time of trial, the age of the victim was not an element of the crime of abduction. Apparently, shortly before Mosley was released from prison in 2000, a prison official made a determination that Mosley's victims had been under the age of 18 and notified him of his duty to register as a sexually oriented offender.

### Due Process

{¶9} Mosley argues that the trial court was correct in finding that requiring him to register as a sexually oriented offender for abduction with no sexual motivation violated his right to due process.

{¶10} In *State v. Golden*, 1st Dist. Hamilton Nos. C-030460 and C-030461, 2004-Ohio-2276, ¶ 26-27, we noted,

The legislative purpose behind R.C. Chapter 2950 is to protect the public from sex offenders by providing the public with adequate notice and information about the offenders. But the statute's purpose may not be served, as applied to an individual offender, by its automatic labeling of an offender as a sexually-oriented offender where the "sexually oriented offense" requires no proof of sexual purpose or motivation. Accordingly, while a defendant is not constitutionally entitled to a classification hearing to determine whether he is a

4

sexually-oriented offender, the defendant may challenge the statute's constitutionality as applied to him where the "sexually oriented offense" is not sexually motivated.

Indeed, some Ohio courts have held that the application of R.C. Chapter 2950's requirement that an individual be classified as a sexually-oriented offender, where the offenses are committed without sexual motivation, is unreasonable and arbitrary, and bears no rational relationship to the statute's purpose.

(Internal citations omitted.)

{¶11} In *State v. Washington*, 11th Dist. Lake No. 99-L-015, 2001 Ohio App. LEXIS 4980 (Nov. 2, 2001), Washington pleaded guilty to abduction of his former girlfriend and her minor daughter. Although the abduction of the minor had not been motivated by any sexual purpose, the trial court "reluctantly" classified Washington as a sexually oriented offender. The Eleventh Appellate District held that Washington's classification as a sexually oriented offender was unconstitutional, because there was no rational relationship between the stated legislative intent of Ohio's Megan's Law, the legitimate governmental interest of protecting the public from sex offenders, and labeling Washington as a sex offender when there was no evidence that his offense had been motivated by a sexual purpose. *Washington* at *12-14. "[U]nless there is some evidence of sexual motivation, there is no rational basis for categorizing an abduction of a victim who is less than eighteen years old as being a sexually oriented offense. * * * Absent a showing that the abduction was motivated for a sexual purpose, appellant's classification as a sexually oriented offender cannot stand." *Id.* at *14. *See State v. Hickman*, 11th Dist. Portage No. 2003-P-0087, 2004-Ohio-3929 (noting that the statute had been amended to require that the abduction of a minor be committed with a sexual motivation to

5

qualify as a sexually oriented offense, and holding that there is no rational basis for classifying abduction of a minor without a sexual motivation as a sexually oriented offense).

{¶12}  In *State v. Barksdale*, 2d Dist. Montgomery No. 19294, 2003-Ohio-43, Barksdale pleaded guilty to four counts of kidnapping.  All victims were minors.  The trial court classified Barksdale as a sexually oriented offender.  The parties stipulated that Barksdale had committed the offenses without any sexual motivation or purpose.  The Second Appellate District held that labeling Barksdale as a sexually oriented offender and requiring him to register violated due process because it bore "no rational relationship to the purposes of the statute and is unreasonable and arbitrary." *Barksdale* at ¶ 3.  *See State v. Young*, 2d Dist. Montgomery Nos. 19472 and 19473, 2003-Ohio-2205 (classifying an offender as a sexually oriented offender where the abduction-of-a-minor offenses were committed without any sexual motivation or purpose violates due process).

{¶13}  The Eighth Appellate District, in *State v. Gooden*, 8th Dist. Cuyahoga No. 82621, 2004-Ohio-2699, adopted the reasoning of the Second District and held that where the kidnapping of the 14-year-old victim involved no sexual motivation, classifying Gooden as a sexually oriented offender violated due process.

> We agree with the Second District and find that the application of the statutory requirement that Gooden be classified as a sexually oriented offender, in a case in which there was no evidence that the offense was committed with any sexual motivation or purpose, is unreasonable and arbitrary, bears no rational relationship to the purposes of the statute, and, thus, offends the Due Process Clauses of both the Ohio and United States Constitutions.

*Gooden* at ¶ 16.

6

{¶14} In *State v. Small*, 162 Ohio App.3d 375, 2005-Ohio-3813, 833 N.E.2d 774 (10th Dist.), Small had been found guilty in 1997 of kidnapping a minor and sentenced to five years in prison. There was no evidence that the kidnapping had been committed with any sexual motivation or purpose. In 2002, Small was indicted for violations of former R.C. 2950.05 and 2950.06, which required a sex offender to provide notice of an address change and to verify his current address. The Tenth Appellate District held that Small's challenge to his classification through a motion to dismiss the indictment had been proper and timely, and that the trial court did not err in dismissing the indictment because, in the absence of evidence that Small had committed the kidnapping of the minor with a sexual motivation, classifying him as a sexually oriented offender was "not rationally related to a legitimate state interest as applied to defendant under former R.C. Chapter 2950" and there was "no rational basis to subject him to registration requirements and prosecution for failure to register under former R.C. Chapter 2950." Accordingly, the Tenth District concluded, "[T]he trial court did not err in determining that the denomination of defendant as a 'sexually oriented offender' lacked a rational basis under substantive due process as applied to defendant." *Small* at ¶ 29-30.

{¶15} We agree with the reasoning of the Eleventh, Second, Eighth and Tenth Appellate Districts and hold that requiring Mosley to register as a sexually oriented offender in the absence of any evidence that he had committed the abduction with a sexual motivation violates due process. Further, we hold that Mosley is not subject to the child-victim-offender statute, because he was not incarcerated on its effective date, and he did not have a lawful duty to register when the law became effective.

{¶16} Because we have held that requiring Mosley to register as a sexually oriented offender violates due process, we need not address Mosley's separation-of-powers argument.

*Conclusion*

{¶17} The assignment of error is overruled. The judgment of the trial court, dismissing the indictment against Mosley for failing to notify of an address change, is affirmed.

Judgment affirmed.

HENDON, P.J., concurs.
DEWINE, J., dissents.

DEWINE, J., dissenting.

{¶18} I see things quite differently than the majority.

{¶19} Despite the fact that Mosley was convicted of violating his registration requirements twice previously, the majority finds on substantive-due-process grounds that he never had a duty to register, and therefore, upholds the trial court's dismissal of the current indictment against him. In my view, this conclusion rests on two missteps: (1) allowing Mosley to challenge his classification as a sex offender in a case in which he is being prosecuted under the child-victim-offender classification, and (2) adopting an expansive view of substantive due process that goes well beyond the contours set forth by the United States and Ohio Supreme Courts.

**I. Mosley is Being Prosecuted for Failure to Register as a Child-Victim Offender**

{¶20} The majority opinion addresses in some detail the constitutionality of requiring Mosley to register as a sex offender. It concludes that requiring him to do so violates the substantive component of the Due Process Clause. It is this conclusion that I will take issue with in Part II of this dissent. But before we get to

the constitutional issue, there is a statutory issue that needs to be addressed, which, in my view, is dispositive of this appeal.

{¶21} Mr. Mosley was not prosecuted for failure to register as a sex offender. He was prosecuted for failure to register as a child-victim offender. When Mosley was released from prison in 2000, he was required to register as a sexually oriented offender under the version of Megan's Law in effect at the time because he had been convicted of the abduction of children under the age of 18. In 2003, Megan's Law was amended to change the classification of individuals such as Mosley to "child-victim offender." It is for a violation of his registration requirements as a child-victim offender that Mosley was prosecuted in this case.

{¶22} Thus, a threshold question is whether Mosley can challenge the constitutionality of requiring him to register as a sex offender when he is not currently required to register as a sex offender and is not being prosecuted for violating any sex-offender-registration requirements. The majority devotes a single conclusory sentence to this question at the end of its opinion: "Further, we hold that Mosley is not subject to the child-victim-offender statute because he was not incarcerated on the effective date, and he did not have a lawful duty to register when the law became effective." I don't find it nearly so simple.

{¶23} The 2003 child-victim-offender amendments provided that they applied to "an offender who, immediately prior to the effective date of [the] section, was required to register as a result of the conviction of or plea of guilty" to the offense for which Mosley was convicted. Former R.C. 2950.041(A)(1)(c), effective July 31, 2003. The registration duty was "considered * * * a continuation of the duty imposed upon the offender prior to the effective date" of the amendments. *Id.* Thus,

the question is whether the child-victim-offender legislation applies to Mosley because he was "required to register" when the 2003 amendments went into effect.

{¶24} Certainly the legislature intended to encompass offenders like Mosley within the statutory language. The legislation is specifically aimed at those who commit certain crimes against children—abduction, kidnapping without a sexual motivation, unlawful restraint, child enticement—regardless of a sexual motivation. *See* former R.C. 2950.01(S), effective July 31, 2003. Indeed, those who commit a "sexually violent offense" are excluded from the child-victim-offender category and instead remain under the sexually-oriented-offense categorization. *See* former R.C. 2950.01(D), effective July 31, 2003.

{¶25} One conceivable response is that regardless of what the legislature intended, Mosley was not "required" to register because the statute was unconstitutional as applied to him. But there is nothing in our record that bears that out. We don't have any facts before us—save the arguments of counsel—about his initial offense. The cases upon which the majority relies deal with as-applied challenges to the statute. Here, Mr. Mosley never raised a challenge to his classification during the time he was classified as a sexually oriented offender. I fail to see the logic of allowing him to raise such a challenge now when he is no longer subject to registration as a sexually oriented offender.

{¶26} In my view, since the statutory language demonstrates that the legislature intended to classify Mosley as a child-victim offender, the only remaining question is whether it could constitutionally do so. The United States Supreme Court has held that a state may constitutionally apply a civil remedial statute like Megan's Law to offenders who committed their crimes and were released from prison prior to the effective date of the statute. *Smith v. Doe*, 538 U.S. 84, 105-106, 123 S.Ct. 1140,

155 L.Ed.2d 164 (2003). While the Ohio Supreme Court has not directly addressed the issue of application of a registration scheme to an offender who was released from prison prior to the effective date of the statute, it did find that the 2003 amendments to Megan's Law violated neither the retroactivity clause of the Ohio Constitution nor the Ex Post Facto Clause of the United States Constitution. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 40 and 43. Thus, regardless of whether Mosley could have mounted an unconstitutional-as-applied challenge prior to the 2003 amendments, the legislature was on solid constitutional footing in classifying him as a child-victim offender in 2003.

{¶27} Under the plain language of its enactment, the legislature classified Mosley as a child-victim offender in 2003. It acted within its constitutional powers when it did so. The state should be able to prosecute him for a violation of his duties under the 2003 enactment.

## II.  Substantive Due Process

{¶28} By all rights, the analysis ought to stop with the first section. Because Mosley had a duty to register under the 2003 amendments, there is no need to speculate as to whether a substantive-due-process challenge to his previous registration requirement might have been successful. But because the majority hinges its opinion on a substantive-due-process violation, I will address the issue.

{¶29} The Due Process Clause of the Fourteenth Amendment protects against the deprivation of life, liberty or property without due process of the law. While its text seems to be limited to matters of procedure, it has been held to contain a substantive component that forbids certain government action regardless of the procedures employed. *See Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). But we have been cautioned that we must be "reluctant to

11

expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 771 (1997), citing *Collins v. Harker Hts.*, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

{¶30} "The first (and often last) issue in this area is the proper characterization of the individual's asserted right." *Blau v. Fort Thomas Pub. School Dist.*, 401 F.3d 381, 393 (6th Cir.2005). Government actions that infringe on a fundamental right are subject to strict scrutiny, while those that do not need only be rationally related to a legitimate government interest. *Id. See State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512.

{¶31} The Ohio Supreme Court has held that "there is nothing in [Megan's Law] that infringes upon any * * * fundamental constitutional right that has been recognized by the United States Supreme Court." *State v. Williams*, 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000). Thus, the enactment is only subject to rational-basis review.

{¶32} Under traditional constitutional norms of jurisprudence, the determination of the standard of review as rational basis should be largely the end of the matter. Plainly, the legislature had a rational basis for subjecting those who abduct children to registration and notification requirements. It is not irrational to assume that most citizens would like to know if a child abductor lived next door. And it is certainly not irrational to want to keep track of individuals who commit such deeds.

{¶33} Nonetheless, the majority applies what it says is rational-basis review to find the statute unconstitutional. In doing so, it relies upon our decision in *Golden* and case law from other districts that have found the statute unconstitutional

as applied to particular offenders under rational-basis review. But in reality, the scrutiny applied by the majority and the other districts goes well beyond rational-basis review.

{¶34} Under well-established norms, "a state has no obligation to produce evidence to sustain the rationality of a statutory classification." *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 91. Rather, "[t]he party challenging the constitutionality of a statute 'bears the burden to negate every conceivable basis that might support the legislation.' " *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, quoting *Columbia Gas* at ¶ 91. *See Lyons v. Limb*ach, 40 Ohio St.3d 92, 532 N.E.2d 106 (1988); *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 639 N.E.2d 31 (1994); *Logue v. Leis*, 169 Ohio App.3d 356, 2006-Ohio-5597, 862 N.E.2d 900 (1st Dist.). *See also Madden v. Kentucky*, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940).

{¶35} The cases cited by the majority fail to apply this standard. As the majority notes, the basic premise of the decisions was that the stated legislative purpose of the act—protecting the public from sex offenders—was not served by legislation that required registration of those not shown to have acted with a sexual motivation. *Golden*, 1st Dist. Hamilton Nos. C-030460 and C-030461, 2004-Ohio-2276, at ¶ 26-27; *Barksdale*, 2d Dist. Montgomery No. 19294, 2003-Ohio-43, at ¶ 3; *Washington*, 11th Dist. Lake No. 99-L-015, 2001 Ohio App. LEXIS 4980, at *12-14.

{¶36} But the United States Supreme Court has rejected the notion that rational-basis review is accomplished by a judicial weighing of whether legislation, in fact, achieves the legislature's stated purpose. In the words of the Supreme Court, "because we never require a legislature to articulate its reasons for enacting a statute,

it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged [infringement] actually motivated the legislature." *Fed. Communications Comm. v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). "Where * * * there are plausible reasons for [legislative] action, our inquiry is at an end." *United States RR. Retirement Bd. v. Fritz*, 449 U.S. 166, 179, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980).

{¶37} The majority cannot seriously argue that it was irrational for the legislature to set up a registration and notification system for those who commit crimes against children. Rather, what it seems to think is irrational is that the legislature included these offenders within a broader scheme to which it affixed the label "sex offender." But for purposes of analyzing whether infringements of liberty are constitutional, the pertinent inquiry is into the nature of the infringements into the individual's liberty, not on the nomenclature attached. What matters under the Fourteenth Amendment is the minor infringement occasioned by requiring the offender to register with the authorities. This is the liberty interest protected by the Fourteenth Amendment, which is subject to rational-basis review. The label attached is not. The Due Process Clause does not protect against being called a name.

{¶38} And even if we were to address the rationality of the sweeping up of those who commit crimes against children in a larger sex offender classification, the minimal requirements of rational-basis review are certainly satisfied. The legislature could well presume that some significant number of those who committed crimes against children did so with a sexual motivation. It also could rationally consider the high risk of sexual exploitation of child victims in making the classification. *See State v. Bowman*, 10th Dist. Franklin No. 02AP-1025, 2003-Ohio-5341, ¶ 40. And it

14

could fairly conclude that even for those who acted with no provable sexual motivation, the notification and registration requirements still served important public purposes. We are reminded, "the problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." *Id.* at 175, quoting *Metropolis Theatre Co. v. Chicago*, 228 U.S. 61, 69-70, 33 S.Ct. 441, 57 L.Ed. 730 (1913).

{¶39} At bottom, the majority opinion and the cases cited therein seem to rest on the bald notion that it was a bad idea to sweep those who commit crimes against children up in a "sex-offender" registration scheme when they have not been shown to be sex offenders. And it may well have been a bad idea. The legislature certainly had a better one when it changed the moniker to child-victim offender. But not all bad ideas are unconstitutional. Rational-basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Communications* at 313. "Nor does it authorize 'the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.' " *Heller v. Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993), quoting *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).

{¶40} Because Mosley has failed in his burden to "negate every conceivable basis that might support the legislation," I disagree with the majority's conclusion that the legislation did not constitutionally apply to him at the time that the 2003 amendments to Megan's Law went into effect.

## III. Conclusion

{¶41}  The legislature properly classified Mosley as a child-victim offender in 2003.  Because he is being prosecuted for violation of his duties as a child-victim offender, he should not now be able to now challenge the constitutionality of his previous classification as a sexually oriented offender.  And even if he were able to bring such a challenge, it rightfully should fail because a rational basis supports the legislative enactment.  The majority sees both points differently, so I respectfully dissent.


Please note:  The court has recorded its own entry this date.